GERTRUDE CAMPBELL AND RICHARD CAMPBELL, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. BOROUGH OF UNION BEACH, COUNTY OF MONMOUTH, DEFENDANTS, AND R. J. LONGO CONSTRUCTION CO., INC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 18, 1977—Decided November 3, 1977.

Before Judges HALPERN, LARNER and KING.

*Mr. Martin W. Yazgier,* argued the cause for appellants (*Messrs. Heilbrunn, Finkelstein, Heilbrunn, Garruto and Galex,* attorneys).

*Mr. Thomas Primavera,* argued the cause for respondent (*Messrs. Kirkpatrick & Rathman,* attorneys).

KING, J. A. D. This case, here on our grant of leave to appeal, raises the troublesome question of when a third-party claim for contribution or indemnity is deemed commenced for purposes of permitting a plaintiff to amend and claim directly against a third-party defendant without being barred by the statute of limitations. The trial judge refused to permit plaintiffs to amend their complaint to name R. J. Longo Construction Company, Inc. (Longo) as a direct defendant, and they appeal. The controlling Supreme Court cases, *Lawlor v. Cloverleaf Memorial Park, Inc.,* 56 *N. J.* 326 (1970), and *McGlone v. Corbi,* 59 *N. J.* 86 (1971), do not provide a complete answer to the particular problem here posed. Plaintiffs suggest we adopt the solution embraced by *Ioannou v. Ivy Hill Park Section Four, Inc.,* 112 *N. J. Super.* 28 (Law Div. 1970), which presented a factually similar situation.

On April 16, 1974 plaintiff wife allegedly sustained bodily injuries when she fell in a hole in a street in the Borough of Union Beach, Monmouth County. On February 6, 1975 plaintiff and her husband filed a complaint against Union Beach and Monmouth County. Both defendants filed answers by December 1975. On March 25, 1976 Monmouth County filed a motion for leave to bring a third-party complaint for indemnity and contribution against Longo, pursuant to *R.* 4:8–1(a). The notice of motion was returnable on April 9, 1976 and in compliance with the rule a copy of the proposed third-party complaint was annexed thereto. On April 9, 1976 the motion to join Longo was granted and the order so allowing was signed and filed on April 11, 1976. To this point the two-year statute of limitations had not run. On May 10, 1976 plaintiff filed an amended complaint naming Longo as a direct defendant. This amended pleading was filed without leave of court and was properly declared a nullity by the trial court. *R.* 4:9–1. On May 21, 1976, some 35 days after the statute of limitations had run, Monmouth County finally filed its third-party complaint against Longo. On July 20, 1976 plaintiffs filed a notice of motion for leave to amend their original complaint and to add Longo as a direct defendant. On August 6, 1976 the trial judge denied plaintiffs' motion because of the bar of the statute of limitations.

In *Lawlor v. Cloverleaf Memorial Park, supra,* the original defendant filed and served the third-party complaint before the two-year period had run. The Supreme Court held that the original plaintiff had a right to amend and make the third-party defendant a direct defendant after the two-year period of limitations had expired. Justice Jacobs for the court rejected the third-party defendant's assertion of the statute of limitations defense because it was already properly in the law suit and had been charged with the third-party claims before the period of limitations expired. Justice Jacobs stated that "we are convinced under the compelling

circumstances presented here, the amendment to the complaint must be deemed to relate back, * * * at least to the time of the filing of the third-party complaint. 56 *N. J.* at 343.

In *McGlone v. Corbi, supra,* defendant and third-party plaintiff, with the consent of plaintiff, filed his third-party complaint more than two months after the statute of limitations had run. Plaintiff sought a joinder of the third-party defendant as a direct defendant many months later on the day of trial. The Supreme Court held the attempt to amend the plaintiff's original complaint related back only to the date of filing the third-party complaint. Since the third-party complaint was filed after the bar of the period of limitations, plaintiff was precluded from asserting a direct claim. *Lawlor* and *McGlone* delineated in a clear fashion a plaintiff's right to amend and bring a direct action in those cases where the joinder of the third-party was indisputably effected before or after the period of limitations had expired.

The present case bears a closer resemblance *Ioannou v. Ivy Hill Park Section Four, Inc., supra.* There defendant's motion for joinder was filed well before the statutory period of limitations. Defendant's notice of motion included an annexed copy of the third-party complaint. The motion was granted and the order was signed by the court within the two-year period. The order was not filed with the Clerk in Trenton until after the two-year period. The third-party defendants were served later. The third-party complaint was never filed as a separate pleading. In *Ioannou* Judge Ackerman held that "they became parties as third-party defendants, so far as any statute of limitations problem is concerned, when the motion for leave to serve the third-party complaint was filed." 112 *N. J. Super.* at 40. The court in *Ioannou* was persuaded to its course by the need for an objective standard for determining when the action was commenced. An objective standard, if achievable, was thought more consistent with the design of the rules and promoted uniformity. At the time of the filing of the motion to

join in *Ioannou* there was no rule requiring the proposed third-party complaint to be annexed to the motion, but a copy was annexed nonetheless. *R.* 4:8-1(a), expressing this requirement, was adopted on September 9, 1969. The third-party plaintiff in *Ioannou* indeed never formally filed the third-party complaint after the motion for leave was granted. *R.* 4:8-1(a) does not presently state that a formal filing of the third-party complaint is required after the order granting leave has been signed. Such a formal filing could be thought a superfluous gesture as a copy if already on file with the motion if counsel has followed the rule. In the present case counsel for Monmouth County did duplicate the procedure by filing a formal third-party complaint, but not until 35 days after the two-year statute of limitations expired. It is this filing which Longo contends commenced the action against it.

We believe the result reached in *Ioannou* is preferable to the alternative reached by the trial judge and more consistent with the philosophy suggested by *Lawlor* and *McGlone*. The result of a given case then need not turn on the vagaries of when the motion is heard, when or if a formal third-party complaint is actually filed after leave is granted, when the order is signed and filed, the postponement of motions beyond the critical date, the dismissal and reinstatement of motions, or when process is issued, and the third-party complaints are actually served and notice received. We hold that if an original defendant moves pursuant to the requirements of *R.* 4:8-1(a) to join a third-party defendant before the period of limitations expires, and attaches a copy of the proposed third-party complaint to the motion in accordance with the rule, the third-party complaint is deemed filed and the third-party action commenced when the motion is filed. This result fairly complies with *R.* 4:2-2 which states "A civil action is commenced by filing a complaint with the court." A plaintiff's amended complaint joining the third-party defendant as a direct defendant would then relate back under *R.* 4:9-3 to the date of the filing of the motion to join the

third-party defendant. This result does no violence to conventional concepts of when an action is instituted and provides a more objective basis for making such a determination. The alternative is undesirably fraught with the contingencies and peculiarities of the individual case and the vagaries of the motion calendar.

We reverse, remand, and direct the trial court to issue an order granting plaintiffs' leave to name the third-party defendant Longo as a direct defendant.