198 N.J. Super. 184 (1985)
486 A.2d 916
MICHAEL J. WIMMER AND TERRY WIMMER, PLAINTIFFS-RESPONDENTS,
v.
GEORGE W. COOMBS, III AND NANCY CLEHM, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1984.
Decided January 14, 1985.
*186 Before Judges PRESSLER, BRODY and HAVEY.
Cummins & Hendrix, attorneys for appellants (C. Kennon Hendrix, on the brief).
Console, Marmero, LiVolsi, Wood & Curcio, attorneys for respondents (Philip J. LiVolsi, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiffs Michael and Terry Wimmer, husband and wife, were injured when their automobile was involved in a collision with an automobile owned by defendant Nancy Clehm and operated by defendant George W. Coombs, III. Their complaint against defendants was filed only several days before the running of the statute of limitations and by inadvertence their attorney neglected to include a claim for relief based on Mrs. Wimmer's injuries, joining her as a plaintiff only for purposes of assertion of a per quod claim arising out of her husband's injuries. After the statute of limitations had run, plaintiffs sought leave under R. 4:9-3 to file an amended complaint to assert Mrs. Wimmer's direct claim based on her own personal injuries. Defendants, on leave granted, appeal from the trial judge's order granting the motion to amend. We affirm.
The issue raised is whether, under the circumstances here, the amendment asserting a claim for Mrs. Wimmer's injuries may be permitted to relate back to the date of the filing of the original complaint in order to save the claim from the bar of the statute of limitations.
Relation back is governed by R. 4:9-3, entitled "When Amendments Relate Back" and providing in full as follows:

*187 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
The second sentence of this rule, added to the rule as part of the general 1969 rule revision, deals only with an amendment which adds a new party against whom an already pleaded claim is asserted. The assertion of additional claims among those who are already parties to the action is governed by the first sentence of the rule. That sentence is divided into two independent clauses. The first is a definitive and self-executing provision for relation back of those amendments stating claims which "arose out of the conduct, transaction or occurrence" set forth in the original pleading. The second clause permits, but does not compel, the court to allow, on terms, those amendments which state a "new or different claim." We thus construe the sentence in its entirety to address relation back in two separate contexts. The first is germane claims and the second is new and different claims.
As we read the rule, the difference between germane claims and different claims is not in their eligibility for the relation-back consequence. Clearly, if new and different claims were not intended to have a relation-back potential at all, there would have been no reason for referring to them in this rule since the general amendment provision of R. 4:9-1 would have sufficed. In our view, therefore, the separate reference in the rule to germane claims and different claims is intended to define the right of the moving party to the benefit of relation back. If the permitted amendment asserts a germane claim, it is entitled to relation back. See Harr v. Allstate Insurance Co., 54 N.J. 287 (1969). If it states a new and different claim, *188 relation back is a matter within the court's discretion to be exercised as individual circumstances dictate. It is for that reason that the "on terms" proviso is included in the new and different claim provision but not in the germane claim provision. See 2 Schnitzer & Wildstein, N.J. Rules Service, AIV-401 to 404 and 1961 Supplement thereto.
In classifying a claim as germane or different for purposes of R. 4:9-3, Harr v. Allstate Insurance Co., supra, 54 N.J. at 299-300, offers the following guideline consistent with the general principle of liberal construction of the rule:
When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied. * * * It should make no difference whether the original pleading sounded in tort, contract or equity, or whether the proposed amendment related to the original or a different basis of action.
Application of that guideline here is not without difficulty. When spouses are both injured in the same accident, each may have a claim for his or her own personal injuries as well as a per quod claim based on the other's personal injuries. The direct and derivative claims of each spouse are germane in the sense that they arise out of the same conduct, transaction or occurrence. They are however, different claims in that they seek to vindicate wholly different rights and are based, at least in respect of damages, on wholly different proofs. See, e.g., Madej v. Doe, 194 N.J. Super. 580 (Law Div. 1984). It may well be that whether the direct and derivative claims are new and different or are part of the basic subject matter of the controversy as pleaded is a question whose ultimate resolution is more dependent on philosophical and public policy predicates than on logical or rational imperatives. We have concluded, however, that we need not answer the classification question in this case since we are satisfied that even if the claims are analytically new and different, the trial judge properly exercised his discretion in permitting the relation-back amendment.
In the context of amended pleadings, an accommodation has traditionally been made between the defendant's right *189 to rely on the repose afforded by the statute of limitations and the right of the plaintiff to correct pleading errors or to respond affirmatively to his acquisition of new information respecting his claim. This accommodation is based on the perception that a person who has timely notice of the pendency of an action predicated on his alleged wrongful conduct cannot reasonably object to the late assertion against him of other claims attributable to that conduct provided he is reasonably chargeable with the knowledge that those other claims would have been timely asserted against him but for plaintiff's error or lack of information and provided further that the late assertion does not prejudice him in maintaining his defense. That is the rationale of the second sentence of R. 4:9-3. See, e.g., Carrino v. Novotny, 78 N.J. 355 (1978); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973); Avdel Corporation v. Mecure, 58 N.J. 264 (1971). See also Aruta v. Keller, 134 N.J. Super. 522 (App.Div. 1975). It is also the rationale of the principle that a plaintiff may amend his complaint after the running of the statute of limitations to assert a direct claim against a third-party defendant impleaded prior to the statute of limitations. See Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326, 339-345 (1970). And it is also the rationale of the interpretation of R. 4:26-4 permitting plaintiff to substitute the name of the responsible defendant for the name of a fictitious defendant after the statute of limitations has run. See Farrell v. Votator Div. of Chemetron Corp., supra.
We are satisfied that this same principle applies to the late assertion of a new and different claim pursuant to R. 4:9-3 and hence that such claims may properly relate back when the defendant is chargeable with reasonable anticipation from the outset of the controversy that that claim would be likely to be made.
If there were any question here as to defendants' reasonable anticipation of Mrs. Wimmer's direct claim or of a potential for any substantial prejudice which they might sustain by reason of its late assertion, we would be inclined to require factual *190 determination of those issues. Cf. Lopez v. Swyer, 62 N.J. 267 (1973); Aruta v. Keller, supra. But there are no such questions here. The undisputed facts are that plaintiffs' attorney deferred the filing of the complaint until virtually the eve of the running of the statute of limitations because he was engaged in negotiations with defendants' carrier which he believed would reach a successful conclusion without the need to institute an action at all. The negotiations were addressed to Mrs. Wimmer's personal injuries as well as Mr. Wimmer's. The carrier, who was defending the claim, was thus aware of Mrs. Wimmer's personal injuries and their scope from the outset. It served interrogatories upon plaintiffs addressed to her injuries as well as her husband's, received medical information relating to the injuries of both and had reached a settlement with both based on their respective direct claims. After the offer to Mrs. Wimmer was accepted, the carrier withdrew it when it realized the inadvertent omission of Mrs. Wimmer's direct claim from the complaint, asserting that the statute of limitations relieved it from any obligation to her. Under these circumstances, we are persuaded that the trial judge would have mistakenly exercised his discretion if he had denied the motion to amend.
Affirmed.