358 S.E.2d 236

**Noah A. RAKES, Jr., et al.**

**v.**

**FAIRMONT MOBILE HOMES, INC., etc., et al. Georgia-Pacific Corp., etc.**

**No. 17014.**

Supreme Court of Appeals of West Virginia.

June 5, 1987.

Guy R. Bucci/Scott A. Ash, Charleston, for Noah Rakes.

John L. MacCorkle, Charleston, for Fairmont Mobile Homes.

Robert E. Douglas, Charleston, for Georgia-Pacific.

John R. Hoblitzell, Charleston, for Weyerhauser Co.

MILLER, Justice:

The issue presented is whether a plaintiff may amend his complaint under Rule 15(a) of the West Virginia Rules of Civil Procedure to assert a direct claim against a third-party defendant who has been timely brought into the action where the amended complaint is sought to be served beyond the applicable statute of limitations period. Both the original complaint and the amended complaint are based on the same occurrence or transaction. We hold that under these conditions, an amendment may be made.

Noah A. Rakes, Jr., and Juanita Rakes, as plaintiffs, initially filed this civil action for damages in the Circuit Court of Raleigh County on November 9, 1983, against Fairmont Mobile Homes, Inc., the manufacturer, and New Dominion Homes, Inc., the seller of a mobile home which allegedly emitted formaldehyde and caused personal injuries to the plaintiffs.

The defendant, Fairmont Mobile Homes, Inc., timely impleaded as third-party defendant several corporations who supplied the material which contained the formaldehyde which became a component of Fairmont's mobile homes. By consent between the plaintiffs and the defendant, Fairmont Mobile Homes, Inc., all parties were dismissed except for Georgia-Pacific Corporation and Weyerhauser Company. The plaintiffs then moved to file an amended complaint in order to assert their claims directly against the third-party defendants.

The plaintiffs' motion for leave to file an amended complaint was served on the parties on June 18, 1985, more than two years after the initial complaint was filed. This motion referred to Rule 15(a), W.Va.R.C.P., which states that "leave [to amend] shall be freely given when justice so requires."[1]

---

1. Rule 15(a), W.Va.R.C.P., provides:

   "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall

The thrust of the amended complaint was based on product liability theories in negligence and warranty owed by the supplier of defective products to the plaintiffs as users of the mobile home. It paralleled the claims of the third-party plaintiff, Fairmont Mobile Homes, Inc., which had sought indemnity from the third-party defendants for supplying defective materials.

At the hearing on the motion for leave to file an amended complaint in July, 1985, the circuit court heard arguments and then took the plaintiffs' motion under consideration and subsequently denied the motion as untimely, but without giving any detailed reasons for its holding.

Although a trial court has some discretion to deny leave to amend under Rule 15(a), we have held in Syllabus Point 3 of *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973), that leave to amend must be freely granted:

"The purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W.Va. R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue."

*See Farmer v. L.D.I., Inc.*, 169 W.Va. 305, 286 S.E.2d 924 (1982).

It appears that this precise issue has not been decided in our jurisdiction. Despite some earlier cases that have refused to permit such amendments,[2] there is a clear trend authorizing such amendments. For example, New York's highest court in *Duffy v. Horton Memorial Hospital*, 66 N.Y.2d 473, 477–78, 488 N.E.2d 820, 823, 497 N.Y.S.2d 890, 893 (1985), after acknowledging that the language of their rule was not particularly helpful since it did not specifically cover this point, addressed the question by analyzing the policy considerations underlying the statute of limitations and concluded:

"But where, within the statutory period, a potential defendant is fully aware that a claim is being made against him with respect to the transaction or occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations.... In such cases, there is room for the exercise of a sound judicial discretion to determine whether, on the facts, there is any operative prejudice precluding a retroactive amendment....

"It is evident that when a third party has been served with the third-party complaint, and all prior pleadings in the action as required by CPLR 1007, the third-party defendant has actual notice of the plaintiff's potential claim at that time. The third-party defendant must gather evidence and vigorously prepare a defense. There is no temporal repose. Consequently, an amendment of the complaint may be permitted, in the court's discretion, and a direct claim asserted against the third-party defendant, which, for the purposes of computing the Statute of Limitations period, relates back to the date of service of the third-party complaint." (Citations omitted).

While New York's discussion is perhaps more elaborate than other jurisdictions, it is apparent that these jurisdictions have reached the same result. *E.g., Trace X Chemical, Inc. v. Gulf Oil Chemical Co.*, 724 F.2d 68 (8th Cir.1983); *Meredith v. United States*, 41 F.R.D. 34 (S.D.Cal.1966);

plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

**2.** *E.g., Abate v. Barkers of Wallingford, Inc.*, 27 Conn.Supp. 46, 229 A.2d 366 (1967); *Holmes v. Capital Transit Co.*, 148 A.2d 788 (D.C.1959); *J.G. Boyds' Good Housekeeping Shops, Inc. v. General Securities Service, Inc.*, 483 S.W.2d 826 (Tex.Civ.App.1972).

*Dysart v. Marriott Corp.*, 39 Fed.Rules Serv.2d 786, 103 F.R.D. 15 (E.D.Pa.1984); *Larson Machinery, Inc. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980); *Gratins v. Sebastian Inlet Tax Dist.*, 453 So.2d 871 (Fla.App.1984); *Wimmer v. Coombs*, 198 N.J.Super. 184, 486 A.2d 916 (1985); *Campbell v. Borough of Union Beach, Monmouth County*, 153 N.J.Super. 434, 379 A.2d 1295 (1977); 6 C. Wright & A. Miller, Federal Practice & Procedure § 1498 (1971).

We, therefore, conclude that under Rule 15(a), W.Va.R.C.P., a plaintiff may amend the original complaint to bring a direct action against a third-party defendant, who has been timely brought into the action by the defendant, if the amended complaint is based on the same transaction or occurrence set out in the original complaint, unless the third-party defendant can show some substantial prejudice. For this reason, the judgment of the Circuit Court of Raleigh County is reversed and the case is remanded.

Reversed and Remanded.