888 A.2d 464

THERESA NOTTE AND ROBERT PANTANO, PLAINTIFFS–RE-SPONDENTS, v. MERCHANTS MUTUAL INSURANCE COMPA-NY, A/K/A MERCHANTS MUTUAL GROUP, AND WILLIAM WOLFE, DEFENDANTS–PETITIONERS.

Argued November 7, 2005—Decided January 12, 2006.

---

COA's urging of more frequent, monthly monitoring for certain parameters also was rejected as not legally compelled.

*John M. Monahan,* a member of the New York bar and *Louis L. Chodoff* argued the cause for appellants (*Sweeny & Sheehan,* attorneys for Merchants Mutual Insurance Company and *Wolf, Block, Schorr and Solis–Cohen,* attorneys for William F. Wolfe; *Mr. Chodoff* and *Gaetano Mercogliano,* on the briefs).

*David Zatuchni* argued the cause for respondents (*Zatuchni & Associates,* attorneys).

PER CURIAM.

The clear language of *Rule* 4:9–3, the "relation back" rule, provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original

pleading, the amendment relates back to the date of the original pleading[.]" In this appeal, we reaffirm the plain import of the Rule and hold that, under the circumstances present here, the causes of action pled in the corrected amended complaint by plaintiff Robert Pantano (Pantano) against defendants Merchants Mutual Insurance Company (Merchants) and William Wolfe (Wolfe) relate back to the date of the filing of the original complaint.

However, any analysis under *Rule* 4:9–3 also implicates *Rule* 4:9–1, under which a request to amend a pleading will be denied either if prejudice will inure to the party opposing the amendment or if the amended pleading itself is without legal merit, that is, if the amendment as proposed would be futile. The Appellate Division held, and we agree, that Merchants and Wolfe are not prejudiced by the pleading amendment sought by Pantano. However, Merchants and Wolfe also allege that the proposed amended claims against them have been statutorily waived and, hence, any proposed amendment would be futile. Because the Appellate Division did not address the "futility" prong of the "relation back" test, we remand this case to the Appellate Division.

## I.

From October 2000 through March 2001, Theresa Notte (Notte) was employed by Merchants, where she was supervised by Wolfe.[1] During that same period, Pantano also was employed by Merchants as a supervisor. Notte alleged that, after rejecting Wolfe's unwanted sexual advances, she was subjected to a hostile work environment, *quid pro quo* sexual discrimination, and retaliation, ultimately leading to her constructive discharge from employment on March 28, 2001. Pantano alleged that his employment with Merchants was terminated on March 27, 2001 because he

---

[1] Because this matter comes to us in a summary judgment setting, "our statement of the facts is based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 523, 666 A.2d 146 (1995).

"objected to[,]" "refused to ... participate in[,]" and "alerted and complained to Merchants concerning" Wolfe's harassment towards and retaliation against Notte.

Almost twenty-one months later, on January 13, 2003, Notte and Pantano filed a joint complaint against Merchants and Wolfe. Specifically, in three separate counts, Notte alleged that Merchants was liable to her for creating a hostile work environment, *quid pro quo* sexual discrimination, and retaliation, in violation of the Law Against Discrimination (LAD), *N.J.S.A.* 10:5–12a and 12d, and, in a fourth count, Notte alleged that Wolfe was liable to her under the LAD as an aider and abettor, *N.J.S.A.* 10:5–12e.[2] In contrast, Pantano alleged only that his discharge from employment was the direct and proximate result of Merchants' and Wolfe's violations of the Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19–1 to –8. Merchants and Wolfe timely filed separate answers and affirmative defenses, among which each asserted that Notte's and Pantano's claims were barred under the applicable statute of limitations. A discovery end-date of July 25, 2004 was assigned, and discovery was conducted uneventfully.

In early September 2004, some six weeks after the discovery deadline expired, Merchants and Wolfe separately filed motions for partial summary judgment as to Pantano's CEPA claims, alleging exclusively that they were time-barred under the one-year statute of limitations set forth in Section 5 of CEPA, *N.J.S.A.* 34:19–5. Later, on September 27, 2004, Pantano sought leave to file an amended complaint, repleading the CEPA claims as common law wrongful discharge claims against Merchants and Wolfe, respectively. On November 1, 2004, Pantano sought leave to file what he termed a "corrected amended complaint" that, in addition to repleading the then-pending CEPA claims as common law wrongful discharge claims, sought to add a LAD retaliation claim against Merchants, in violation of *N.J.S.A.* 10:5–12d, and a LAD aider and abettor claim against Wolfe, in violation of *N.J.S.A.*

---

[2] None of Notte's claims against either Merchants or Wolfe are at issue in this appeal.

10:5–12e. In sum, then, Pantano sought leave to replead his time-barred CEPA claims as separate common law wrongful discharge and LAD claims against each of Merchants and Wolfe. Merchants and Wolfe opposed Pantano's cross-motions.

At argument before the trial court, Pantano conceded that his originally filed CEPA claims against Merchants and Wolfe were time-barred, and the trial court entered summary judgment in favor of Merchants and Wolfe on those claims. Pantano, however, argued that, pursuant to *R.* 4:9–3, his common law wrongful discharge and LAD claims against Merchants and Wolfe—although by that point themselves time-barred—would not be time-barred if they "related back" to the filing of his original complaint. The trial court disagreed and denied Pantano's request for leave to amend his complaint.

Granting Pantano's motion for leave to appeal, the Appellate Division reversed. Based on *Harr v. Allstate Ins. Co.*, 54 *N.J.* 287, 255 *A.2d* 208 (1969), the panel reasoned that "[t]he plain and explicit language of *Rule* 4:9–3 requires only that the amended claim relate back to the underlying transaction or facts alleged in the original pleading, and not to technically asserted discrete claims or counts." According to the Appellate Division,

[u]nlike a new or different claim, where relation-back is a matter within the court's discretion, *Rule* 4:9–3, if the permitted amendment asserts a germane claim, that is one arising out of facts set forth in the original pleading, "it is entitled to relation-back." *Wimmer v. Coombs,* 198 *N.J.Super.* 184, 187 [486 *A.2d* 916] (App.Div.1985); *see also Harr, supra,* 54 *N.J.* at 299–300 [255 *A.2d* 208]. This is because a defendant who has timely notice of the conduct alleged to be wrongful is not prejudiced by the late assertion of other claims attributable to the same conduct already alleged in the complaint. *Wimmer, supra,* 198 *N.J.Super.* at 188–89 [486 *A.2d* 916].

Before the Appellate Division, Merchants and Wolfe also argued that, because a claim can only "relate back" to a claim that was valid when filed, "relation back" was inappropriate here because Pantano's original claims were barred by the CEPA statute of limitations when they were filed and, hence, were a nullity. Citing *Zuidema v. Pedicano,* 373 *N.J.Super.* 135, 860 *A.2d* 992 (App.Div. 2004), the panel, however, concluded that "even where the claims in the original pleading are not legally cognizable, the amended

claim is permitted under *Rule* 4:9–3 so long as it 'implicate[s] the same transaction or occurrence, regardless of the merits....' " *Id.* at 150, 860 *A.*2d 992.

Relying on *Kernan v. One Washington Park Urban Renewal Assocs.,* 154 *N.J.* 437, 459, 713 *A.*2d 411 (1998), *Franklin Med. Assocs. v. Newark Pub. Sch.,* 362 *N.J.Super.* 494, 506, 828 *A.*2d 966 (App.Div.2003), and *Dole v. Arco Chem. Co.,* 921 *F.*2d 484, 488 (3d Cir.1990), the Appellate Division dismissed Merchants' and Wolfe's assertions of prejudice as a bar to the requested amendment under *R.* 4:9–1. The panel noted that "the newly asserted claims are based on the same underlying facts and events set forth in the original pleading [and, therefore, Merchants and Wolfe] have no cause to complain of the late assertion against them of claims grounded on the same conduct already alleged in the complaint." The Appellate Division did not address whether amendment of Pantano's claims would be futile. Instead, the panel concluded only that "the motion court erred in its restrictive interpretation of *Rule* 4:9–3, and further, to the extent it even found prejudice, abused its discretion in denying [Pantano's] motion to amend his complaint under *Rule* 4:9–1."

We granted Merchants' and Wolfe's motion for leave to appeal. 185 *N.J.* 32, 878 *A.*2d 850 (2005). For the reasons that follow, and to the extent the panel held both that Pantano's new claims "relate back" to his original complaint and, hence, are not time-barred, and that neither Merchants nor Wolfe is prejudiced thereby, we affirm the judgment of the Appellate Division. Nevertheless, because the issue was not addressed by the panel, we remand the cause to the Appellate Division for a determination whether amendment of Pantano's claims would be futile on application of the waiver provisions of CEPA, *N.J.S.A.* 34:19–8.

## II.

### A.

In its substance, *Rule* 4:9–3 is clear: "Whenever the claim or defense asserted in the amended pleading arose out of the

conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading[.]" Its application is similarly clear:

> The rule should be liberally construed. Its thrust is directed not toward technical pleading niceties, but rather to the underlying conduct, transaction or occurrence giving rise to some right of action or defense. When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied. It should make no difference whether the original pleading sounded in tort, contract or equity, or whether the proposed amendment related to the original or a different basis of action.
>
> [*Harr v. Allstate Ins. Co.*, 54 *N.J.* 287, 299–300, 255 *A*.2d 208 (1969) (citations omitted).]

Here, the new common law wrongful discharge and LAD claims asserted by Pantano against Merchants and Wolfe are based on the same facts Pantano alleged in support of his original CEPA claims against Merchants and Wolfe. Indeed, save for the charging paragraphs in the new common law wrongful discharge claims and the necessary addition of conclusory allegations in the new LAD claims, Pantano's original complaint and his corrected amended complaint are identical. It is, therefore, clear that "the underlying conduct, transaction or occurrence" charged is the same in both pleadings and that "the gist of the action or the basic subject of the controversy remains the same." *Ibid.* As the Appellate Division here aptly noted, "[a] claim that presently labels such [already pled] conduct wrongful under both the common law and LAD is still the same matter 'differently laid.' " Under those circumstances, the conclusion that Pantano's corrected amended complaint "relates back" to Pantano's original complaint is compelled.

### B.

Merchants and Wolfe argue, however, that Pantano's original complaint against them was time-barred when filed and, therefore, a nullity. Thus, Merchants and Wolfe reason, there

simply is nothing to which Pantano's new claims can "relate back." We disagree.

Statutes of limitations, unlike statutes of repose, *see Greczyn v. Colgate–Palmolive,* 183 *N.J.* 5, 869 *A.*2d 866 (2005), "are not self-executing. Such statutes are based on the goals of achieving security and stability in human affairs and ensuring that cases are not tried on the basis of stale evidence." *Zaccardi v. Becker,* 88 *N.J.* 245, 256, 440 *A.*2d 1329 (1982). For those reasons, the defense that a claim is time-barred must be raised by way of an affirmative defense, either in a pleading or by a timely motion, or it is waived. *Id.* at 256–57, 440 *A.*2d 1329; *Fees v. Trow,* 105 *N.J.* 330, 335, 521 *A.*2d 824 (1987). Therefore, until adjudicated time-barred, a stale claim filed after the expiration of the applicable statute of limitations is nonetheless valid. In those circumstances, then, the fact that Pantano's original claims against Merchants and Wolfe were filed after the expiration of the applicable statute of limitations is of no legal significance. Stated differently, "[b]ecause there was notice of plaintiff's action, our holding does not offend the policy underlying the statute of limitations, and 'accomplish[es], consistent with the general aim and policy of [the Court Rules] ... substantial justice on the merits by permitting a technical ... flaw to be corrected where such correction will not materially prejudice another party." *Kernan v. One Washington Park Urban Renewal Assocs.,* 154 *N.J.* 437, 459, 713 *A.*2d 411 (1998) (citations omitted); *Zuidema v. Pedicano,* 373 *N.J.Super.* 135, 149–50, 860 *A.*2d 992 (App.Div. 2004). In this narrow context, then, the question is whether the new claims, once "related back" to the original filing, were themselves timely and legally sustainable. That question requires an examination whether the "relation back" is futile.

## C.

*Rule* 4:9–3 must be read in conjunction with *Rule* 4:9–1, which requires that, unless amendment is sought while still a matter of right, the amendment of pleadings is allowed only "by

leave of court which shall be freely given in the interest of justice." We have made clear that "*Rule* 4:9-1 requires that motions for leave to amend be granted liberally" and that "the granting of a motion to file an amended complaint always rests in the court's sound discretion." *Kernan v. One Washington Park Urban Renewal Assocs.*, 154 *N.J.* 437, 456–57, 713 *A.2d* 411 (1998). That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile.

■ The Appellate Division held that it "discern[ed] no prejudice to defendants by the proposed amendment since the newly asserted claims are based on the same underlying facts and events set forth in the original pleading." As a result, the panel concluded that "[d]efendants have no cause to complain of the late assertion against them of claims grounded on the same conduct already alleged in the complaint." We agree, and similarly hold that no cognizable prejudice will inure to Merchants and Wolfe by reason of the amendment sought by Pantano.

■ However, the analysis is not complete until the requested amendment is examined to determine whether it is futile, that is, whether the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor. Thus, while motions for leave to amend are to be determined "without consideration of the ultimate merits of the amendment," *Interchange State Bank v. Rinaldi*, 303 *N.J.Super.* 239, 256, 696 *A.2d* 744 (App.Div.1997) (citing *City Check Cashing v. Nat'l State Bank*, 244 *N.J.Super.* 304, 308–09, 582 *A.2d* 809 (App.Div.), *certif. denied*, 122 *N.J.* 389, 585 *A.2d* 391 (1990)), those determinations must be made "in light of the factual situation existing at the time each motion is made." *Ibid.* (citing *Fisher v. Yates*, 270 *N.J.Super.* 458, 467, 637 *A.2d* 546 (App.Div.1994)). More specifically, "courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. In other words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." *Id.* at 256–57,

696 *A*.2d 744 (citing *Mustilli v. Mustilli,* 287 *N.J.Super.* 605, 607, 671 *A*.2d 650 (Ch.Div.1995)).

Merchants and Wolfe allege that, because Pantano originally elected to file only CEPA claims against them, Pantano is similarly bound by the waiver provision of Section 8 of CEPA, which states that "the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law." *N.J.S.A.* 34:19–8. Thus, Merchants and Wolfe assert that Pantano's election to "institute" his action under CEPA barred Pantano's subsequent common law wrongful discharge and LAD claims because Pantano's election to proceed under CEPA "shall be deemed a waiver of [Pantano's] rights and remedies available under any other ... State law [Pantano's LAD claims], ... or under the common law [Pantano's wrongful discharge claims]."

In the context of a retaliatory discharge akin to Pantano's claims here, we previously held that,

once a CEPA claim is "instituted," any rights or claims for retaliatory discharge based on ... State law [or] the common law ... are all waived. The waiver exception contains a list of sources of law that may provide a bundle of rights protecting employees from retaliatory discharge. Parallel claims based on those rights, privileges and remedies are waived because they represent multiple or duplicative claims based on retaliatory discharge.

Construing CEPA's waiver clause consistent with the Legislature's inferred intent, and consistent with the expressed remedial purpose of the entire CEPA statute, convinces us that the waiver provision applies only to those causes of action that require a finding of retaliatory conduct that is actionable under CEPA. The waiver exception does not apply to those causes of action that are substantially independent of the CEPA claim.

[*Young v. Schering Corp.,* 141 *N.J.* 16, 29, 660 *A*.2d 1153 (1995).]

In addition to determining that Pantano's amended claims "related back" to his original complaint and that no prejudice would inure to Merchants and Wolfe by reason of that "relation back," those principles required that the Appellate Division also evaluate whether Pantano's election to originally file CEPA claims in the circumstances presented here effected a waiver of his common law wrongful discharge and statutory LAD claims, or whether Panta-

no's amended claims "are substantially independent of [his] CEPA claim[s]," *ibid.,* an evaluation the panel did not perform. We therefore must remand this case to the Appellate Division for a determination whether, by reason of the waiver provisions of Section 8 of CEPA, *N.J.S.A.* 34:19–8, Pantano's proposed amendment to his complaint would be futile and, if so, denied.

That said, we recognize that, at first blush, the issue posed appears to have been addressed in *Crusco v. Oakland Care Ctr., Inc.,* 305 *N.J.Super.* 605, 702 *A.*2d 1363 (App.Div.1997), where the plaintiff, like Pantano here, originally asserted a time-barred CEPA claim. Reversing the trial court's refusal to allow the plaintiff to amend time-barred CEPA claims, the Appellate Division held that "an employee who is barred from making a CEPA claim has no remedy under the Act and cannot, therefore, be seen to have any options from which to elect[,]" *id.* at 613, 702 *A.*2d 1363, a determination we later endorsed within the context of a different case. *Ballinger v. Delaware River Port Auth.,* 172 *N.J.* 586, 602, 800 *A.*2d 97 (2002) (holding CEPA does not apply, as a matter of constitutional law, to bi-state entities created by interstate compacts and, hence, CEPA's waiver provision also was inapplicable). However, we also recognize differences between *Crusco, supra,* and this case. Those differences, and their legal effect, are what should be explored by the Appellate Division.

## III.

As modified, the judgment of the Appellate Division is affirmed, and this case is remanded to the Appellate Division for further proceedings consistent with this opinion.

*For affirmance as modification/remandment*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.