**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4539-15T1

BRIDGETON COMMERCE CENTER,
INC., BRIAN ALTMAN, DENNIS
ALTMAN, and ANNETTE ALTMAN,

     Plaintiffs-Appellants,

v.

N.J. DEALERS AUTO MALL, INC.,
a corporation, and LOUIS
CIVELLO, JR.,

     Defendants-Respondents.

_____

Argued October 19, 2017 — Decided November 2, 2017

Before Judges Haas and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-5292-05.

Dennis Altman, appellant, argued the cause pro
se (Sarah Johnson Carter, on the brief).

Jeffrey S. Mandel argued the cause for
respondents.

PER CURIAM

This case returns to us after remand proceedings directed by our previous opinion. See Bridgeton Commerce Ctr., Inc. v. N.J. Dealers Auto Mall, Inc., No. A-4887-13 (App. Div. Dec. 9, 2015). Following a Lopez[1] hearing, the trial judge granted defendants' motion to dismiss count six of plaintiffs' complaint because it was barred by the six-year statute of limitations. N.J.S.A. 2A:14-1. Plaintiffs now appeal the court's May 19, 2016 dismissal order. We affirm.

The parties are fully familiar with the lengthy history of this case and, therefore, we need only briefly recite the essential background facts and procedural history as set forth in our earlier opinion. In a complaint filed on November 28, 2005, plaintiffs asserted five claims against defendants in connection with various business transactions that plaintiffs alleged occurred between the parties. Bridgeton Commerce Ctr., supra, (slip op. at 4-5).

On January 31, 2007, the trial court granted plaintiffs' motion to amend their complaint to add a sixth count. Id. at 5. In this count, plaintiffs argued that when defendant Louis Civello, Jr. incorporated a company known as N.J. Dealers Auto Mall (NJDAM) in June 1998, he breached a promise Civello's father had allegedly made that Civello and plaintiff Dennis Altman would each own 50%

---

[1] Lopez v. Swyer, 62 N.J. 267 (1973).

of NJDAM. Id. at 3-5. Plaintiffs sought an order dissolving NJDAM, compelling defendants to purchase Altman's alleged 50% share of the company, and requiring them to pay plaintiffs all of the profits that they asserted should have been paid to Altman as a co-owner of NJDAM. Id. at 18.

Plaintiffs were also parties to other litigation involving defendants. Id. at 3-12. After the trial court dismissed one of these actions, it mistakenly concluded that the resolution of that matter also required the dismissal of count six of the amended complaint. Id. at 17-18. In our earlier opinion, we concluded that count six "was a stand-alone claim" that was not dependent on the issues resolved in the companion case. Id. at 18. Therefore, we remanded "plaintiffs' claims concerning count six to the trial court for further proceedings." Ibid.

On remand, defendants filed a motion seeking a Lopez hearing. They asserted that Altman knew on or before August 28, 1998 that he was not a 50% owner of NJDAM and, therefore, the six-year statute of limitations expired before plaintiffs filed their complaint on November 28, 2005.

This motion was not defendants' first attempt to dismiss count six on statute of limitations grounds. Although defendants did not specifically plead the statute of limitations in the affirmative defenses asserted in their answer to plaintiffs'

amended complaint, defendants did file a motion to dismiss count six based on this defense in April 2010. See Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 500 (2006) (noting that "the defense that a claim is time-barred must be raised by way of an affirmative defense, either in a pleading or by a timely motion, or it is waived"). In an April 21, 2010 written decision and order, the trial court denied the motion after finding there were too many factual disputes that required the evaluation of witness credibility to permit the resolution of the matter without a hearing or trial.

On remand, however, the trial judge granted defendants' request for a Lopez hearing and plaintiffs raised no objection to proceeding in this fashion. At the hearing, the defense called Altman as their only witness. Altman admitted he had no documentation supporting his claim that anyone promised to make him a 50% owner of NJDAM. Instead, he asserted that he believed he was supposed to have been given a half-share in the company based solely upon a conversation to this effect that allegedly occurred between Civello's father and Altman's brother Steven, who had since passed away. Altman was not a party to this conversation.

Defendants' attorney then showed Altman a series of documents concerning the corporate ownership of NJDAM that were all executed

more than six years before plaintiffs filed their lawsuit on November 28, 2015. These documents included an August 27, 1998 Application for Registration with the State Division of Taxation that Altman admitted bore his handwriting. This application stated that Civello was the only owner of NJDAM. Altman also acknowledged that an August 27, 2008 Status Report filed with the State Department of Labor contained his handwriting and only listed Civello as NJDAM's owner. In addition, Altman conceded he had access to NJDAM's corporate tax returns more than six years before plaintiffs filed their lawsuit. These filings also listed Civello as the company's sole owner.

Plaintiffs did not provide any other testimony or documentary evidence during the hearing, and they did not present any oral argument in opposition to defendants' motion to dismiss.

Based upon this uncontradicted evidence, the trial judge rendered a thorough oral decision granting defendants' motion to dismiss count six because plaintiffs filed their complaint more than six years after they knew that Altman was not a 50% owner of NJDAM. The judge found that Altman's testimony that he believed he owned half of the company was not credible. Indeed, based on the documents Altman admitted he either prepared or reviewed, the judge found that Altman knew Civello was NJDAM's sole owner all along. This appeal followed.

On appeal, plaintiffs argue that the trial judge erred in granting a Lopez hearing and dismissing count six of the complaint. We find insufficient merit in these arguments to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We therefore affirm the May 19, 2016 order substantially for the reasons the judge expressed in his comprehensive oral decision accompanying the order. We add the following brief comments.

We review the factual findings made by a trial judge to determine whether they are "supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). Such findings made by a judge "should not be disturbed 'unless they are so wholly insupportable as to result in a denial of justice[.]'" Id. at 483-84 (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960)). Factual findings that "are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case" enjoy deference on appeal. State v. Johnson, 42 N.J. 146, 161 (1964).

Applying these standards, we discern no basis for disturbing the judge's well-reasoned decision. The uncontradicted evidence presented at the Lopez hearing amply supported the judge's conclusion that Altman was fully aware he was not a 50% owner of NJDAM more than six years before plaintiffs filed their complaint.

Therefore, the judge correctly dismissed count six of the complaint on statute of limitations grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION