**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1360-16T4

DREW BRADFORD,

    Plaintiff-Appellant,

v.

DETECTIVE JOHN DAPKINS,
SERGEANT NANCY ARRAIAL,
and TOWNSHIP OF BEDMINSTER,

    Defendants-Respondents.

_____

        Submitted April 23, 2018 — Decided July 18, 2018

        Before Judges Accurso and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Docket No.
        L-5383-15.

        Drew Bradford, appellant pro se.

        DiFrancesco, Bateman, Kunzman, Davis, Lehrer
        & Flaum, PC, attorneys for respondents
        (Timothy P. Beck, on the brief).

PER CURIAM

    Plaintiff Drew Bradford appeals from an October 28, 2016 order denying his motion for leave to file a second amended complaint.  We affirm.

In his first amended complaint, plaintiff asserted various causes of action against defendants John Dapkins, Nancy Arraial, and Bedminster Township, which included slander, malicious prosecution, intentional infliction of emotional distress, and loss of freedom of speech. At the time defendants allegedly committed these wrongs, Dapkins was a detective and Arraial a sergeant employed by the Bedminster Township Police Department.

Defendants filed a motion to dismiss the first amended complaint for failure to state a claim upon which relief can be granted, see R. 4:6-2(e). In a comprehensive oral opinion, Judge Andrea G. Carter analyzed each cause of action asserted and determined plaintiff did not in fact state a claim upon which relief can be granted and dismissed the complaint without prejudice.

Plaintiff filed a motion for leave to file a second amended complaint. The material factual allegations set forth in the second amended complaint are for the most part the same or essentially the same as those alleged in the first amended complaint, although plaintiff did provide additional alleged facts regarding his claim defendants slandered and deprived him of his freedom of speech. He also asserted defendants violated 42 U.S.C. § 1983.

2

The gist of plaintiff's claim for slander is as follows. In September 2014, plaintiff telephoned Dapkins and advised he believed his neighbor, Gloria Mino, had informed his other neighbors that he was a "child kidnapper." Plaintiff wanted Dapkins to question Mino about his suspicions. Plaintiff also spoke to Craig Meyer, the Chief of the Bedminster Police Department, about his concerns and requested Mino be questioned.

Plaintiff claims Dapkins subsequently questioned Mino who, allegedly angered by plaintiff's requests she be questioned by the police, filed a private citizen's complaint in municipal court claiming plaintiff harassed her, in violation of N.J.S.A. 2C:33-4(a) and (c). Specifically, plaintiff theorizes Dapkins induced Mino into filing the complaint by slandering him. The claimed slander is Dapkins told Mino plaintiff wanted her questioned by the police. A municipal court judge ultimately dismissed Mino's complaint.

Plaintiff also notes Mino filed another complaint against him in municipal court as a private citizen, alleging plaintiff harassed another by attempting to assault such party. Plaintiff claims Dapkins' aforementioned slanderous statements also caused Mino to file this other complaint, but plaintiff admits the allegations of such complaint are true. The disposition of this particular municipal court complaint is not clear.

3

In the second amended complaint, plaintiff added the claim that defendants Dapkins and Arraial violated 42 U.S.C. § 1983; the complaint is bereft of any detail of how defendants did so. Finally, plaintiff added some marginal points about his claim that he was deprived of his freedom of speech, which we find unnecessary to recount here. On October 28, 2016, the court entered an order denying plaintiff's motion to file his proposed second amended complaint, stating the complaint did not "cure the legal insufficiency of the claims outlined therein."

On appeal, plaintiff contends the trial court erred when it found the second amended complaint failed to set forth any viable causes of action. Plaintiff does not challenge the court's earlier ruling that the first amended complaint does not include any causes of action upon which relief may be granted.

We are mindful that motions for leave to amend pleadings are to be liberally granted. Prime Accounting Dep't v. Twp. of Carney's Point, 212 N.J. 493, 511 (2013) (citing Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456 (1998)). However,

> [o]ne exception to that rule arises when the amendment would be "futile," because "the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 501 (2006). "'[C]ourts are free to refuse leave to amend

4

> when the newly asserted claim is not
> sustainable as a matter of law. . . .
> [T]here is no point to permitting the filing
> of an amended pleading when a subsequent
> motion to dismiss must be granted.'" Ibid.
> (quoting Interchange State Bank v. Rinaldi,
> 303 N.J. Super. 239, 256-57 (App. Div.
> 1997)).
>
> [Ibid. (alterations in original).]

Here, except in three respects, the proposed second amended complaint is, for all intents and purposes, a replica of the first, which the court found devoid of any viable cause of action, a determination plaintiff does not contest. Accordingly, the legal deficiencies that existed in the first amended complaint are present in the proposed complaint.

Plaintiff does embellish upon the facts underpinning his claim for slander and the deprivation of his freedom of speech in the second amended complaint, and further claims Dapkins and Arraial violated 42 U.S.C. § 1983. However, we are satisfied from our review of this pleading that none of the additional facts or the new claim in any way refutes the trial court's implicit conclusion the proposed second amended complaint fails to assert a viable cause of action. Plaintiff's claim that it does is entirely devoid of merit and does not warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). The trial judge reasonably denied the motion for leave to file the second

5

amended complaint. It would have been futile to permit plaintiff to file an amended complaint when none of the claims in it was sustainable as a matter of law. <u>Notte</u>, 185 N.J. at 501-02.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1360-16T4