**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0440-24

JENNIFER BURDEN and CRAIG
BURDEN, her husband, per quod,

    Plaintiffs-Appellants,

v.

MICHAEL G. HARRINGTON,
NANCY E. MARTIN, JESSICA
M. GONZALEZ, and MANUEL
GONZALEZ,

    Defendants,

and

FARMERS INSURANCE
COMPANY and MID-
CENTURY INSURANCE
COMPANY,

    Defendants-Respondents.

_____

Argued December 18, 2025 – Decided March 13, 2026

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8074-19.

Mitchell J. Makowicz, Jr., argued the cause for appellants (Blume Forte Fried Zerres & Molinari, PC, attorneys; Mitchell J. Makowicz, Jr. and Terrence J. Hull, of counsel and on the briefs).

Walter F. Kawalec, III, argued the cause for respondent Mid-Century Insurance Company (Marshall Dennehey, PC, attorneys; David D. Blake and Walter F. Kawalec, III, on the brief).

PER CURIAM

Plaintiffs Jennifer and Craig Burden appeal from the August 2, 2024 Law Division order denying their motion to lift the stay and file an amended complaint, and the September 27, 2024 order denying their motion for reconsideration. We affirm.

I.

Plaintiffs' complaint alleged negligence stemming from a November 19, 2017 motor vehicle accident. Jennifer[1] was a passenger in a car when it was struck by a vehicle operated by defendant Michael G. Harrington. Plaintiffs' complaint against Harrington was settled, exhausting his automobile liability insurance policy. Plaintiffs' third amended complaint asserted uninsured (UM),

---

[1] Because plaintiffs share a common surname, we refer to them by their first names, with no disrespect intended.

A-0440-24

underinsured motorist (UIM), and bad faith claims against plaintiffs' UM/UIM carrier, Mid-Century Insurance Company (MCIC), improperly pled as Farmers Insurance Company. The bad faith claim was stayed pending trial.

After a non-binding arbitration panel issued a $200,000 net award on the UIM claim, MCIC requested a trial de novo. Plaintiffs subsequently filed a $300,000 offer of judgment, to which MCIC counter-offered $25,000. MCIC then filed a $125,000 offer of judgment.

A bar panel also reviewed the case, and the three attorneys valued the case at $250,000, $300,000, and $400,000. MCIC tendered a high-low settlement offer of $400,000 and $100,000. The parties did not settle the case, and the matter proceeded to trial in April 2024.

The jury returned an award of $4,500,000 in favor of plaintiffs. The trial court molded the verdict to $517,350.44, reflecting the $400,000 available UIM coverage, costs, fees, and pre-judgment interest pursuant to the offer of judgment and court rules.

Plaintiffs moved to lift the stay of the bad faith claim and for leave to file an amended complaint to add a second cause of action under the New Jersey Insurance Fair Conduct Act (IFCA), N.J.S.A. 17:29BB-1 to -3, which was

enacted during the pendency of the litigation.[2]  Plaintiffs argued MCIC's "[c]onduct constituting bad faith was on[]going and continuous, including the refusal of the [o]ffer of [j]udgment in May 2023, and the trial of this matter despite recommendations to the contrary, up until the verdict was rendered." They claimed "[MCIC] acted in [b]ad [f]aith prior to and after trial of this matter and, therefore, [wa]s in violation of [IFCA]."

MCIC opposed the motions and cross-moved to dismiss plaintiffs' bad faith claim.  MCIC argued the IFCA was prospective and therefore was unavailable to plaintiffs as a remedy because "the accident took place on November 19, 2017 and the complaint was filed in 2019.  The new law was enacted five years after the accident in this matter, three and a half years after expiration of the contract between the parties and three years after commencement of this litigation."  MCIC further contended the court's final order molding the verdict to the policy limits rendered any litigation involving the common law bad faith claim moot.

---

[2]  The IFCA authorizes a claimant to file a civil complaint against a UM/UIM insurer for "an unreasonable delay or unreasonable denial of a claim for payment of benefits under an insurance policy."  N.J.S.A. 17:29BB-3(a)(1).  A successful plaintiff may recover treble damages, pre- and post-judgment interest, and attorneys' fees.  N.J.S.A. 17:29BB-3(d).

In an oral decision, the court denied plaintiffs' motions to lift the stay and file an amended complaint and granted MCIC's cross-motion to dismiss.[3] Finding the IFCA to be prospective, it determined plaintiffs' claims were precluded because they alleged an ongoing tort that commenced prior to the enactment of the statute. The court then denied plaintiffs' subsequent motion for reconsideration, finding "nothing in the moving papers demonstrate[d] any matters or controlling decisions that th[e c]ourt overlooked or in which it ha[d] erred."

On appeal, plaintiffs argue the court erred by denying their motion to amend the complaint and dismissing the IFCA claim with prejudice. They contend discovery was required, the IFCA requires a carrier to act reasonably and timely throughout litigation, and a high-low parameter does not discharge a carrier's duty under the IFCA.

II.

We review a trial court's order denying a motion to file an amended complaint for abuse of discretion. Port Liberte II Condo. Ass'n v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014) (citing

---

[3] Plaintiffs' common law bad faith claim was dismissed as moot and is not at issue on appeal.

Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 457 (1998)). "'Rule 4:9-1 requires that motions for leave to amend be granted liberally' and that 'the granting of a motion to file an amended complaint always rests in the court's sound discretion.'" Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Kernan, 154 N.J. at 456-57). In exercising its discretion, a court must engage in "a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Ibid. The question of futility is "whether the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Ibid.

We first address whether the Legislature intended the IFCA to apply retroactively or prospectively, which we review de novo. See State v. G.E.P., 243 N.J. 362, 382 (2020). "Our courts 'have long followed a general rule of statutory construction that favors prospective application of statutes.'" State v. Lane, 251 N.J. 84, 94 (2022) (quoting Gibbons v. Gibbons, 86 N.J. 515, 521 (1981)). There are "three circumstances that will justify giving a statute retroactive effect: (1) when the Legislature expresses its intent that the law apply retroactively, either expressly or implicitly; (2) when an amendment is curative; or (3) when the expectations of the parties so warrant." James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 563 (2014).

A-0440-24

"Discerning 'the Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language.'" Williams v. N.J. State Parole Bd., 255 N.J. 36, 46 (2023) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "[L]egislative intent controls because 'statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as consonant to reason and good discretion.'" Haines v. Taft, 237 N.J. 271, 283 (2019) (quoting Roig v. Kelsey, 135 N.J. 500, 515 (1994)). "We must presume that the Legislature intended the words that it chose and the plain and ordinary meaning ascribed to those words." Paff v. Galloway Twp., 229 N.J. 340, 353 (2017).

The IFCA was enacted on January 18, 2022, and was to "take effect immediately." L. 2021, c. 388, § 4. Our Supreme Court has "repeatedly construed language stating that a provision is to be effective immediately, or effective immediately on a given date, to signal prospective application." Lane, 251 N.J. at 96. Nothing in the plain language of the IFCA leads us to conclude otherwise.

"A statutory provision also may be afforded retroactive application if it is 'curative,' that is, designed to 'remedy a perceived imperfection in or misapplication of a statute.'" James, 216 N.J. at 564 (quoting Schiavo v. John

7

F. Kennedy Hosp., 258 N.J. Super. 380, 386 (App. Div. 1992)). The IFCA was not enacted "simply to explain and to clarify the existing law," Schiavo, 258 N.J. Super. at 386 (quoting Carnegie Bank v. Shalleck, 256 N.J. Super. 23, 29 (App. Div. 1992)); rather, it established a new cause of action. We are also unconvinced the expectation of the parties warrants retroactive application of the IFCA, as plaintiffs do not advance this argument.

Plaintiffs contend the prospective determination is not fatal to their proposed amended complaint because they cabined their claim to MCIC's conduct after the enactment of the IFCA. This argument is unavailing because plaintiffs' claims are nevertheless tethered to the initial denial of the UIM claim, which occurred pre-IFCA. We are unpersuaded plaintiffs may parse out acts that were a continuation of MCIC's consistent denial of coverage in order to formulate a viable cause of action. Allowing plaintiffs to do so would dispense with the Legislature's clear intent for the IFCA to be applied prospectively.

A court need not permit amendment when "the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Notte, 185 N.J. at 501. Because amendment here would have been futile, we conclude there is no reason to disturb the trial court's denial of plaintiffs' motion for leave to amend. We also decline to address plaintiffs'

A-0440-24

substantive arguments in support of their claims because the prospective application of the statute is dispositive of the issues.

Having discerned no error in the trial court's decision, we perceive no abuse of discretion in its denial of plaintiffs' motion for reconsideration. <u>Branch v. Cream-O-Land Dairy</u>, 244 N.J. 567, 582 (2021).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0440-24