**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3996-15T3

JACK SUSER,

    Plaintiff-Appellant,

v.

DELAVAN INDUSTRIES, INC. and
LOHR INDUSTRIES,

    Defendants-Respondents,

and

C.F. BENDER CO. INC.,

    Defendant/Third-Party
    Plaintiff,

v.

S&J METAL MANUFACTURING INC.,

    Third-Party Defendant/Fourth-
    Party Plaintiff,

v.

M&G INDUSTRIES, INC.,

    Fourth-Party Defendant.

_____

Argued May 8, 2017 — Decided May 25, 2017

Before Judges Sabatino and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1285-12.

Robert P. Altemus argued the cause for appellant (Wertalik & Altermus, attorneys; Mr. Altemus, on the briefs).

Douglas V. Sanchez argued the cause for respondents (Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, attorneys; Mr. Sanchez, of counsel and on the brief; Georgeann Belcher, on the brief).

PER CURIAM

Plaintiff Jack Suser appeals from the entry of summary judgment dismissing his products liability action with respect to his claims against co-defendants Delavan Industries, Inc. ("Delavan") and Lohr Industries ("Lohr"). As a related aspect of that appeal, plaintiff seeks reversal of the trial court's ruling to exclude his liability expert under the "net opinion" doctrine. Plaintiff also appeals from the trial court's denial of his motion for leave to amend the complaint at the end of the discovery period to include an additional defendant, and its subsequent order declining to reconsider that denial. We affirm.

I.

We briefly summarize the facts and procedural history presented in the record. Plaintiff was the owner and operator of an automobile hauler trailer. The trailer was manufactured by

2

Delavan and Lohr in 2000. Plaintiff purchased the trailer in 2007.

On the day of the accident, February 8, 2010, plaintiff was injured as he was attempting to tie down a vehicle to the trailer. As he was pulling on the tie-down apparatus, its metal chain broke, causing plaintiff to lose his balance and fall off the trailer. Plaintiff injured his neck, wrist, and knee as a result of that fall.

Only a four-foot portion of the broken chain was preserved after plaintiff's accident. A photograph of that partial chain shows it had become rusty in spots. According to an expert retained by Delavan and Lohr, the chain was an "aftermarket" item that was not part of the original trailer they had manufactured.

Plaintiff filed suit in the Law Division initially against Delavan, Lohr, and unnamed fictitious defendants. Although the complaint asserted several legal theories, the essence of plaintiff's case is that the chain tie-down apparatus was defective, and that defendants are thereby strictly liable for plaintiff's injuries. Plaintiff claims that the product was unsafely designed, improperly manufactured, and lacked sufficient warnings to place users such as himself on notice that the tie-down apparatus might fail when applying force to tighten it.

     A-3996-15T3

As the litigation progressed through discovery, the co-defendants added several third-party defendants who might be responsible for the alleged product defects, including C.F. Bender Co. Inc. ("Bender"), S&J Metal Manufacturing Inc. ("S&J"), and M&G Industries, Inc. ("M&G"). Plaintiff amended his own complaint to add Bender as a direct defendant. However, none of the added parties were conclusively shown to have manufactured the chain that had ruptured.

Plaintiff obtained an expert report from a professional engineer to support his contentions of product defect. The expert inspected the remaining portion of the chain, but did not perform any tests on it. He observed that the links were "old and badly corroded." Although the expert did not inspect the trailer, he reviewed photographs taken of it after the accident, as well as the report of a company that had investigated the incident.

The liability expert concluded that the chain would not have broken merely due to the force exerted by plaintiff when tightening it, unless the chain was defective. The expert also criticized the tie-down design selected by Delavan and Lohr. The expert noted from Bender's then-current website that Bender offered a "newer type" of tie-down system, utilizing fabric belts rather than metal chains. The expert opined that such a fabric tie-down method would have been safer. The expert also contended that the

trailer had not been sold with adequate warnings of this potential hazard.

Delavan and Lohr countered with their own expert report from an engineer. Among other things, the defense expert pointed out that woven fabric tie-down attachments have both advantages and disadvantages. The defense expert further noted that federal regulations specifically permit the use of metal tie-down chains, and that such a system was prevalent in the industry at the time when this trailer was manufactured.

S&J, Delavan, and Lohr all moved for summary judgment. As part of their arguments, they asserted that the proposed testimony of plaintiff's liability expert should be disallowed as improper net opinion. Defendants argued that, without an appropriate expert to support plaintiff's claims of product liability, his complaint must be dismissed.

In its own summary judgment submission, S&J included an affidavit dated January 27, 2016 from its owner, Lonnie Smith, who had inspected photographs of the broken chain. Smith attested that it was his "belief that the chain was manufactured and distributed by Columbus McKinnon Corporation," ("Columbus McKinnon") a company located in Amherst, New York. Apparently, Smith's affidavit provided counsel with the first documented evidence of the apparent true identity of the chain's manufacturer.

Four days after receiving Smith's affidavit, plaintiff moved for leave to amend its complaint to add Columbus McKinnon as an additional defendant. Plaintiff also requested an opportunity to conduct further discovery and have his expert revise his report to consider this new information.

Upon hearing oral argument, Judge Charles E. Powers, Jr. concluded that plaintiff's liability expert's analysis was indeed improper net opinion and could not support plaintiff's cause of action. The judge consequently granted summary judgment to S&J, Delavan, and Lohr, for reasons detailed in a written opinion. The judge also denied plaintiff's request for leave to amend the complaint to add Columbus McKinnon, concluding in the written Rider to his order that such an amendment would be a "futile" exercise under the circumstances.

Subsequently, S&J stipulated to the dismissal of its fourth-party complaint against M&G, and plaintiff stipulated to dismiss his claims against Bender. Plaintiff moved for reconsideration of the trial court's denial of his attempt to expand the complaint to name Columbus McKinnon. The court denied that motion, and this appeal by plaintiff followed.

## II.

Plaintiff argues that the trial court's net opinion ruling was erroneous and should be reversed and that his products

liability claims should thus be reinstated against Delavan and Lohr.[1] He further argues that the trial court abused its discretion in declining his unopposed request for leave to amend his complaint to add a new party.

Having considered these points, viewing the record in a light most favorable to plaintiff and under the applicable law, we affirm the trial court's rulings in all respects, substantially for the sound reasons articulated by Judge Powers in the series of his written decisions. We add only a few comments.

Under the New Jersey Products Liability Act ("PLA"), N.J.S.A. 2A:58C-1 to -11, a plaintiff has the burden of proving "a design or manufacturing defect or a failure to warn [the product user] adequately."[2] Ford Motor Credit Co., LLC v. Mendola, 427 N.J. Super. 226, 240 (App. Div. 2012) (citing N.J.S.A. 2A:58C-2). In order to establish a design defect, a plaintiff must prove that the defendant product maker's design was not reasonably safe, and that "a practical and feasible alternative design existed [at the time of manufacture] that would have reduced or prevented his harm." Lewis v. American Cyanamid Co., 155 N.J. 544, 560 (1998)

---

[1] Plaintiff does not seek to reinstate his claims against S&J.

[2] Notably, the PLA preempts all claims and legal theories for harm alleged by a product, except for harm caused by breach of an express warranty. N.J.S.A. 2A:58C-1(b)(3).

A-3996-15T3

(internal citations omitted); see also N.J.S.A. 2A:58C-3. Alternatively, to establish a warnings defect, a plaintiff must prove a defendant had a duty to warn users of a product's dangers, and that the defendant failed to provide such a warning that would reasonably communicate those dangers to foreseeable users. See Campos v. Firestone Tire & Rubber Co., 98 N.J. 198, 205 (1984); N.J.S.A. 2A:58C-4.

Lastly, to establish a viable claim of a manufacturing defect, a plaintiff must prove that the product "deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same . . . specifications or formulae[.]" N.J.S.A. 2A:58C-2; see also Myrlak v. Port Auth. of N.Y. and N.J., 157 N.J. 84, 99 (1999).

Where, as here, the product involved is a complex instrumentality and the substance of the claims are beyond the ken of lay jurors, a plaintiff ordinarily must support his or her defect claims with the admissible opinions of a qualified expert witness. Jerista v. Murray, 185 N.J. 175, 197-99 (2005) (recognizing this principle applies when an inference of negligence cannot be based on "common knowledge" of a trier of fact).

Apart from these substantive elements of products liability law, we also must apply here well-established principles

A-3996-15T3

concerning expert testimony.  In general, the admissibility of expert testimony is "committed to the sound discretion of the trial court[,]" and is thus entitled to deference on appeal. Townsend v. Pierre, 221 N.J. 36, 52-53 (2015).  The trial court's determination should not be disturbed on appeal unless it was "so 'wide of the mark' as to constitute 'a manifest denial of justice[.]'"  Hisenaj v. Kuehner, 194 N.J. 6, 25 (2008) (quoting State v. Wakefield, 190 N.J. 397, 435 (2007)), certif. denied, 203 N.J. 94 (2010).  Appellate courts reviewing admissibility rulings relating to a summary judgment motion first consider the evidence ruling under an abuse of discretion standard, and then review the merits of the summary judgment motion de novo.  Townsend, supra, 221 N.J. at 53, 59.

Here, in excluding the testimony of plaintiff's liability expert, the trial court correctly applied the evidentiary principles of the net opinion doctrine.  As the Supreme Court has reaffirmed in a recent line of cases, an expert may not present testimony that "constitutes 'mere net opinion.'"  Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 410 (2014) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 372 (2011)).  An expert must instead "give the why and wherefore" supporting his or her opinions, and not just "a mere conclusion." Ibid. (quoting Pomerantz, supra, 207 N.J. at 372 (internal citations omitted)).

If the expert "cannot offer objective support for his or her opinions, but testifies only to a view about a standard that is 'personal[,]'" such testimony is an inadmissible net opinion. Ibid. (quoting Pomerantz, supra, 207 N.J. at 373).

We agree with the trial court that plaintiff's engineer fell short of these standards in rendering his various opinions about the alleged defectiveness of the trailer's tie-down apparatus. Unlike defendant's expert, who referred to federal regulatory standards, plaintiff's expert identified no objective standards to support his personal views that the trailer was defectively made or designed, or that it lacked adequate warnings.

Plaintiff's expert's comparison of the alternative fabric strap design for tie-downs shown on another company's website in 2016 is not competent evidence of what the "state of the art" was when this trailer was manufactured in 2000. The expert fails to provide competent proof that "[a]t the time the product left the control of the manufacturer, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product[.]" N.J.S.A. 2A:58C-3(a)(1); see also O'Brien v. Muskin Corp., 94 N.J. 169, 182 (1983).

Similarly, plaintiff's engineer does not point to any objective criteria for concluding that the trailer should have been supplied with a warning to users that the metal chain might break. Indeed, a warning theory is barely mentioned in the engineer's report. The report does not identify where or how such a warning should be posted, and what it should say. Nor does the engineer appear to have any particular expertise in the contents and placement of product warnings for chains used on trailers.

Further, as we have noted, the record shows the chain was an "after-market" addition installed on the trailer at some later time after Delavan and Lohr produced it. That provides further legal support for the dismissal of those defendants on summary judgment. See N.J.S.A. 2A:58C-9 (providing a complete defense to certain product sellers who had nothing to do with defects in products or product components they did not manufacture).

For these and the other cogent reasons noted by Judge Powers, we are satisfied that the court did not abuse its discretion in excluding the testimony of plaintiff's liability expert. Moreover, the court had a sound basis to grant summary judgment to appellants Delavan and Lohr, even viewing the motion record, as we must, in a light most favorable to plaintiff. R. 4:46-2; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

As a final matter, we consider plaintiff's arguments concerning the denial of his motion for leave to amend the complaint to add Columbus McKinnon as an additional defendant. We accept for purposes of our analysis the representation of plaintiff's counsel that the trial court had orally extended the discovery end date to accommodate counsel in completing the last phases of fact and expert discovery. We appreciate that plaintiff's counsel acted swiftly within four days to seek relief once he received Smith's affidavit identifying the chain's putative true manufacturer. We also recognize that leave to amend a pleading is generally to be freely granted, subject to offsetting considerations such as the age of a case and the associated burdens imposed by adding a late party. Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998).

That said, we affirm the trial court's denial of plaintiff's requested late amendment because we agree with Judge Powers that granting that request was likely to be "futile." See Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 501 (2006). Plaintiff theorizes that the metal chain was defectively manufactured because rust spots appear on the photograph of the preserved portion of the chain. Yet plaintiff's engineer never specified in his report any objective criteria, such as standards of

manufacturing or metallurgy, to support a contention that the chain was defectively fabricated.

Although the apparent identity of the actual chain maker was not known until the very end of the discovery period, plaintiff has not demonstrated how that new information would have materially changed the liability calculus. It is speculative to assume that, if the complaint were amended, and discovery were further extended, that added process would have cured the deficiencies in the expert's net opinions or salvaged plaintiff's case. Under the circumstances, we are unpersuaded by plaintiff's claim that the trial court abused its discretion in disallowing the requested eleventh-hour amendment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3996-15T3