NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3469-15T1

STEVE WILSON,

 Plaintiff-Appellant,

v.

PAUL MESSINA, CITY OF TRENTON
by and through its POLICE
DEPARTMENT,

 Defendants-Respondents.
_________________________________

 Argued May 24, 2017 – Decided June 30, 2017

 Before Judges Accurso and Lisa.

 On appeal from Superior Court of New Jersey,
 Law Division, Mercer County, Docket No. L-
 1104-11.

 Rudie O. Weatherman argued the cause for
 appellant (Polino and Pinto, P.C., and Mr.
 Weatherman, attorneys; Joseph M. Pinto and
 Mr. Weatherman, on the briefs).

 John Morelli argued the cause for respondent
 Paul Messina (John Morelli, P.C., attorneys;
 Mr. Morelli, on the brief).

 Douglas E. Burry argued the cause for
 respondent City of Trenton (Saponaro Law
 Group, attorneys; George R. Saponaro and
 Justin J. Yost, on the brief).
PER CURIAM

 Plaintiff Steve Wilson appeals from a March 15, 2016 order

for summary judgment dismissing his complaint under the Law

Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, against

his former employer, the City of Trenton Police Department, and

his superior officer, Paul Messina. Because we agree with the

trial judge that plaintiff's claims are barred by the statute of

limitations and not subject to equitable tolling, we affirm.

 Wilson filed his complaint on April 19, 2011, claiming the

Department had "tolerated the racist remarks and discriminatory

conduct of Defendant Messina for approximately ten years."

Wilson asserted claims for race discrimination and retaliation

under the LAD, the Conscientious Employee Protection Act (CEPA),

N.J.S.A. 34:19-1 to -14, and the New Jersey Civil Rights Act,

N.J.S.A. 10:6-1 to -2. Discovery in the matter was protracted

for a variety of reasons, including the illness and death of the

lawyer filing the complaint on plaintiff's behalf.

 At Wilson's deposition, which was not completed until July

2015, he testified to a host of allegedly discriminatory acts

committed by Messina against him beginning in 2005. Wilson

admitted, however, that his last contact with Messina had taken

place in August 2008, and nothing untoward had occurred between

 2 A-3469-15T1
that time and the filing of his complaint three and one half

years later.

 Following the deposition, Wilson moved in August 2015 to

amend his complaint to assert additional incidents of

retaliation he claimed occurred after the filing of his lawsuit.

The motion was granted and Wilson filed an amended complaint in

September 2015 asserting three new alleged retaliatory acts. He

claimed Messina, following his appointment as Patrol Division

Commander in September 2012, "would arbitrarily deny Plaintiff's

requests for earned vacation and sick days"; that in October

2012, "Plaintiff was transferred from the Vice Enforcement Unit

. . . to the Patrol Bureau's midnight shift," a transfer he

attributed to Messina; and that "[d]uring a dangerous hostage

situation in 2013, . . . Messina removed Plaintiff from duty in

favor of a Caucasian sergeant" and "ordered Plaintiff to go home

early, depriving Plaintiff of overtime compensation."

 Defendants moved for summary judgment, contending the

claims raised in plaintiff's initial complaint were time-barred,

even considered under a continuous violation theory, and that

the supplemental claims were likewise barred as having been pled

more than two years after the occurrence of the alleged last act

of discrimination in 2013. Wilson withdrew his CEPA claim but

otherwise opposed the motion. Although he acknowledged the

 3 A-3469-15T1
four-year gap between the 2008 acts and those occurring in 2012

pled in his amended complaint, he contended the continuous

violation theory or equitable tolling rendered all of his claims

timely. In the alternative, Wilson argued the supplemental

claims arising after he filed his initial complaint stated an

independent retaliation claim under the LAD, and were made

timely by the "relation back" doctrine under Rule 4:9-3.

 After hearing argument, Judge Massi entered summary

judgment for defendants in a comprehensive opinion delivered

from the bench on March 15, 2016. The judge determined that

plaintiff's claims of discrimination occurring between 2005 and

2008 were time-barred even under a continuing violation theory

because the last act in that series occurred in August 2008, and

plaintiff did not file his complaint until April 2011. The

judge rejected Wilson's claim that the 2012 and 2013

discriminatory acts could sweep in all prior acts of

discrimination, finding those claims also time-barred because

filed outside the two-year limitations period.

 Finally, the judge rejected Wilson's claim of equitable

tolling. Wilson claimed that when the head of Internal Affairs

told him in 2009 that the Department was finally going to look

into his claims against Messina, Wilson told the lieutenant,

"That's good because I am ready to hire an attorney." Wilson

 4 A-3469-15T1
claimed the lieutenant replied, "Just don't, do me a favor, just

lay back, let it play out. Let's see what [the Internal Affairs

investigator] comes up with." Wilson claims he construed that

request as an order to wait until the conclusion of the internal

affairs investigation before hiring counsel or taking steps to

pursue litigation. The judge rejected Wilson's claim that the

conduct could support a claim of equitable tolling as a matter

of law.

 Judge Massi issued an amplified written statement of

reasons supporting summary judgment on April 29, 2016. In it,

the judge reiterated his reasons for finding the complaint time-

barred under both the LAD and the Civil Rights Act and

elaborated on his reasons for rejecting equitable tolling.

Specifically, the judge found Wilson had "not put forth credible

evidence to suggest that he was 'induced or tricked by his

adversary's misconduct into allowing the filing deadline to

pass.'" See Dunn v. Borough of Mountainside, 301 N.J. Super.

262, 280 (App. Div. 1997), certif. denied, 153 N.J. 402 (1998).

Absent that sort of evidence, the judge concluded application of

the doctrine of equitable tolling was unwarranted.

 Wilson appeals, claiming the trial court erred because 1)

his "post-lawsuit retaliation claims are independently

actionable"; 2) "the continuing violation theory renders

 5 A-3469-15T1
Plaintiff's claims actionable"; 3) the trial court "acted under

a misconception as to the doctrine of equitable tolling"; and 4)

defendants waived any statute of limitations defense. We reject

those arguments.

 We review summary judgment using the same standard that

governs the trial court. Murray v. Plainfield Rescue Squad, 210

N.J. 581, 584 (2012). Thus, we consider "whether the evidence

presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail

as a matter of law." Liberty Surplus Ins. Corp. v. Nowell

Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v.

Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). In

considering application of the LAD to the facts adduced on the

motion, our review is de novo without deference to any

interpretive conclusions we believe mistaken; Nicholas v.

Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, L.P. v.

Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

 Applying that standard here makes plain summary judgment

was appropriate. Wilson does not dispute that at the time he

filed his initial complaint in April 2011, neither Messina nor

anyone else in the Department had engaged in any discriminatory

or hostile acts against him since August 2008. Accordingly, the

claims raised in his initial complaint are barred by the LAD's

 6 A-3469-15T1
two-year statute of limitations.1 See Montells v. Haynes, 133

N.J. 282, 286 (1993) (establishing two-year statute of

limitations for LAD claims).

 The continuing violation theory, which permits a plaintiff

to pursue a discrimination claim based on a pattern of

discriminatory conduct, does not alter that result because it

requires a plaintiff to prove that "at least one of [the

discriminatory] acts occurred within the statutory limitations

period." Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1,

7 (2002). Because Wilson did not demonstrate the existence of

any discriminatory acts in the two years preceding his

complaint, the continuing violation theory is not available to

save his claims for acts occurring prior to the April 2011

filing date.

 We similarly reject Wilson's argument that the trial court

improperly rejected his equitable tolling claim. Judge Massi

was correct in ruling that equitable tolling may be applied

where "the complainant has been induced or tricked by his

1
 Plaintiff has not briefed any claims under the Civil Rights
Act. We thus consider any such claim abandoned. See 539
Absecon Blvd., L.L.C. v. Shan Enters. Ltd. P'ship, 406 N.J.
Super. 242, 272 n.10 (App. Div.), certif. denied, 199 N.J. 541
(2009); see also Pressler & Verniero, Current N.J. Court Rules,
comment 5 on R. 2:6-2 (2017) ("It is, of course, clear that an
issue not briefed is deemed waived.").

 7 A-3469-15T1
adversary's misconduct into allowing the filing deadline to

pass." Dunn, supra, 301 N.J. Super. at 280 (quoting Irwin v.

Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458,

112 L. Ed. 2d 435, 444 (1990)). He was also correct in finding,

as a matter of law, that the request to Wilson by the lieutenant

in charge of Internal Affairs to "do [him] a favor," and not

hire a lawyer while the internal investigation was pending, but

instead to "just lay back, [and] let it play out," is

insufficient to support such a claim. See Villalobos v. Fava,

342 N.J. Super. 38, 45 (App. Div.), certif. denied, 170 N.J. 210

(2001). There was no trickery or misconduct in the lieutenant's

request, and thus simply no basis for application of equitable

tolling. See R.A.C. v. P.J.S., Jr., 192 N.J. 81, 103 (2007)

(declining to apply the doctrine where a defendant had not

engaged in overt trickery or active deception that caused the

plaintiff to sleep on his rights).

 We also agree the court was correct here to reject

plaintiff's attempt to rely on post-litigation acts to re-

animate his time-barred claims under a continuous violation,

relation-back theory. Plaintiff made no attempt to amend his

complaint to assert supplemental claims of discrimination until

after his deposition in 2015, when it was obvious there was no

basis for application of the continuous violation theory to save

 8 A-3469-15T1
his claims for acts occurring between 2005 and 2008.2 By that

time, however, even those supplemental claims were similarly

time-barred, having accrued more than two years earlier.

Leaving aside the conceptual difficulty of applying the

relation-back doctrine to claims arising out of events that had

yet to occur on the filing date of the complaint,3 it is clear to

us the new claims were not independently actionable.

 As the Supreme Court explained in Roa v. Roa, 200 N.J. 555,

569 (2011), the statute of limitations for a discrete

discriminatory act under the LAD "begins to run on the day that

2
 We reject plaintiff's claim that defendants waived the defense
of the statute of limitations by not asserting it until they
filed for summary judgment nearly five years after the case was
filed. As already mentioned, discovery was extraordinarily
protracted here. Because of plaintiff's reliance on the
continuing violation doctrine and equitable tolling, defendants
obviously required plaintiff's deposition in order to move for
summary judgment on statute of limitations grounds. As that
deposition was delayed by the illness and death of plaintiff's
first lawyer, we cannot find waiver on this record.
3
 That circumstance distinguishes this case from Notte v.
Merchants Mutual Insurance Company, 185 N.J. 490, 497 (2006).
There, the plaintiff sought leave to re-characterize his time-
barred CEPA claims as ones for wrongful discharge under the LAD
and the common law. Although by the time of the amendment, both
the common law and LAD claims would both have been time-barred,
the relation-back doctrine treated them as if originally filed
under those theories, thus making them timely as of the filing
date of the original complaint.

 9 A-3469-15T1
act takes place." Wilson's complained of transfer from the Vice

Enforcement Unit to the Patrol Bureau's midnight shift in

October 2012 was plainly a discrete act that he knew or should

have known was actionable.4 Because the continuing violation

doctrine does not permit "the aggregation of discrete

discriminatory acts for the purpose of reviving an untimely act

of discrimination," ibid., Wilson's failure to assert the claim

until 2015 makes it untimely under the LAD's two-year statute of

limitations.

 The remainder of Wilson's supplemental claims, Messina's

denial of Wilson's requests for vacation and sick days, which

Wilson admitted he took with approval by other supervisors, and

his being relieved of duty for several hours during a "dangerous

hostage situation" commanded by Messina in 2013, in addition to

being untimely filed, are simply too insignificant to be

actionable, even assuming they were retaliatory. See Burlington

Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 67, 126

S. Ct. 2405, 2414, 165 L. Ed. 2d 345, 359 (2006) (explaining

"[t]he anti[-]retaliation provision protects an individual not

from all retaliation, but from retaliation that produces an

4
 Plaintiff's claimed loss of a "well-equipped, unmarked, take-
home vehicle" which was part and parcel of his untimely transfer
claim, is not itself separately actionable.

 10 A-3469-15T1
injury or harm") (emphasis added). Because neither act by

Messina could be considered materially adverse under the

objective standard adopted by our Supreme Court in Roa, Wilson

could not establish a prima facie case of retaliation under the

LAD, even had the claims been timely pled. See Prager v. Joyce

Honda, Inc., 447 N.J. Super. 124, 139-41 (App. Div.), certif.

denied, 228 N.J. 408 (2016).

 Because we agree that all of plaintiff's claims, those pre-

dating and post-dating the complaint, are time-barred, we affirm

the entry of summary judgment dismissing the complaint,

substantially for the reasons expressed by Judge Massi in his

written supplemental opinion of April 29, 2016.

 Affirmed.

 11 A-3469-15T1