**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2079-22

DIONICIO RODRIGUEZ,

     Plaintiff,

v.

SHELBOURNE SPRING, LLC,
GREEN POWER DEVELOPERS,
LLC, UNITY CONSTRUCTION,
ROCCO A. DIMICHINO, SUNDANCE
ELECTRICAL CO., LLC, SF
JOHNSON ELECTRIC, INC.,
FACILITY SOLUTIONS GROUP,
JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC, and MANAGED
BUSINESS COMMUNICATIONS, INC.,

     Defendants-Respondents,

and

SIR ELECTRIC, LLC,

     Defendant/Third-Party
     Plaintiff-Appellant,

v.

HARTFORD UNDERWRITERS

INSURANCE COMPANY,

    Third-Party Defendant
    -Respondent.

_____

Argued December 12, 2023 – Decided December 22, 2023

Before Judges Sumners, Rose and Smith.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0595-22.

Benjamin Clarke argued the cause for appellant (DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys; Benjamin Clarke and Gregory J. Hazley, on the briefs).

Katherine E. Tammaro argued the cause for respondent Hartford Underwriters Insurance Company (Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys; Katherine E. Tammaro, on the brief).

PER CURIAM

Dionicio Rodriguez was injured at work and received benefits from his employer SIR Electric, LLC, under the Workers' Compensation Act (Compensation Act), N.J.S.A. 34:15-1 to -147. Rodriguez subsequently filed a Law Division action against SIR, alleging his injuries were caused by SIR's negligence, gross negligence, recklessness, and intentional misconduct, and sought compensatory damages under the principles of Laidlow v. Hariton Mach. Co., 170 N.J. 602, 614 (2002).

SIR sought defense coverage for Rodriguez's tort claims under its employer's liability insurance policy with Hartford Underwriter Insurance Company. After Hartford denied coverage under the policy's exclusion "NEW JERSEY PART TWO EMPLOYERS LIABILITY ENDORSEMENT WC 29 03 06 (B)" (Employer's Liability EII exclusion), SIR filed a third-party complaint against the carrier. SIR claimed Rodriguez's "[a]llegations of gross negligence and simple negligence fall squarely within the grant of coverage found in the Hartford [p]olicy, and trigger Hartford's duty to defend."

In lieu of an answer, Hartford filed a Rule 4:6-2(e) motion to dismiss the third-party complaint with prejudice, claiming non-coverage under the policy's Employer's Liability EII exclusion. SIR cross-moved for summary judgment, not seeking indemnification but asserting Hartford was obligated to defend it against Rodriguez's claims without further delay. Judge Daniel R. Lindemann entered an order granting Hartford's motion and denying SIR's cross-motion for summary judgment. SIR's subsequent motion for reconsideration was granted in part, and its motion for leave to amend its complaint was denied.

We granted SIR leave to appeal the judge's orders. After carefully reviewing the record and considering the governing legal principles and the arguments of the parties, we affirm substantially for the reasons explained in Judge Lindemann's cogent written decisions.

3

I.

The facts are undisputed.  SIR is an electric service provider.  Before starting a new project, SIR obtained insurance coverage with Hartford to cover work-related injuries its employees might sustain.

The insurance coverage included worker's compensation and employer's liability insurance.  The latter, which is the focus of the parties' dispute, provides in pertinent part:

> **A. How This Insurance Applies**
>
> This employer[']s liability insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.
>
> 1.  The bodily injury must arise out of and in the course of the injured employee's employment by you.
>
> 2.  The employment must be necessary or incidental to your work in a state or territory listed in Item 3.a. of the Information Page.
>
> 3.  Bodily injury by accident must occur during the policy period.
>
> 4. Bodily injury by disease must be caused or aggravated by the conditions of your employment.  The employee's last day of exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
>
> 5. If you are sued, the original suit and any related legal actions for bodily injury by accident or by disease must

be brought in the United States of America, its territories or possessions, or Canada.

**B. We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

. . . .

<u>C. Exclusions</u>

. . . .

<u>4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law</u>;

<u>5. Bodily injury intentionally caused or aggravated by you</u>;

. . . .

**D. We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings, and suits.

<u>We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.</u> We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

[Emphasis added.]

5

The policy's Employer's Liability EII exclusion, provides, in pertinent part:

> With respect to Exclusion C5, <u>this insurance does not cover any and all intentional wrongs within the exception allowed by N.J.S.A. 34:15-8[1] including but not limited to, bodily injury caused or aggravated by an intentional wrong committed by you or your employees, or bodily injury resulting from an act or omission by you or your employees, which is substantially certain to result in injury</u>.
>
> . . . .
>
> <u>This insurance does not provide for the payment of any common law negligence damages or other damages when the provisions of Article 2 of the [Compensation Act] have been rejected by you and your employee(s) as provided in N.J.S.A. 34:15-9.</u>
>
> [Emphasis added.]

During the insurance coverage period, Rodriguez sustained severe burns in a workplace accident. Hartford provided him worker compensation benefits.

About twenty-one months after the accident, Rodriguez filed a tort claim action in the Law Division against SIR and other companies and fictitiously

---

[1]  N.J.S.A. 34:15-8 precludes a person "in the same employ as" the workers' compensation claimant from being held liable "at common law or otherwise . . . except for intentional wrong." <u>Richter v. Oakland Bd. of Educ.</u>, 246 N.J. 507, 514-15 (2021) (quoting N.J.S.A. 34:15-8).

named parties seeking damages for his personal injuries.[2]  Rodriguez alleged against SIR specifically:

> 30.  [SIR] recklessly directed [him] to perform an abnormally dangerous activity in opening an electrical panel without any training or warnings in complete disregard for his health and safety.
>
> 31.  [SIR] was grossly negligent in requiring [him] to perform an abnormally dangerous activity in opening an electrical panel without any training or warnings in complete disregard for his health and safety.
>
> . . . .
>
> 48.  At all times during [his] employment with [SIR], [he] performed his job diligently and satisfactorily by any reasonable, objective standard.
>
> 49.  [SIR] intentionally disregarded known safety features, required [him] to work on electrical equipment without safety devices, without warnings and knowing that there was a substantial certainty that [he] would be harmed, and thereby intentionally or with substantial certainty, exposed [him] to the risk of death or serious injury.
>
> . . . .
>
> 51. [SIR's] conduct in assigning [him] to the work that led him to sustain severe bodily injuries greatly deviated from accepted safety practices in electrical services.

---

[2]  The other companies and fictitiously named parties are not discussed because they neither are parties, nor relevant, to this appeal.

A-2079-22

52. [SIR's] conduct was so egregious as to cause a reasonable person to conclude with substantial certainty that [he] would be injured in the very manner in which occurred to [him].

53. [His] resulting injuries and the context surrounding them are more than a fact of life of electrical employment and are plainly beyond anything the [L]egislature could have contemplated as entitling the employees to recover only under the Compensation Act.

54. [SIR's] acts violated the New Jersey Worker Health and Safety Act, N.J.S.A. 34:6A, et. seq.
55. [SIR's] reckless indifference for [his] safety and well-being rise to the level of a Laidlow claim piercing the . . . Compensation Act bar.

For all other allegations, Rodriguez either identified a singular defendant's actions by specifying a defendant by name or as a group stating "Defendants" or "Defendant[s], singly, in combination, jointly, and severally." Relevantly, he asserted:

32. Defendants were in control of the premises that was under construction and owed a duty of care to [him] to exercise reasonable care in ensuring that no dangerous and/or hazardous conditions existed on the property.

33. Defendants were responsible for the safety of the property.

34. Defendants were responsible for ensuring that proper safety codes were followed with respect to the building's electrical wiring and other electrical components.

35. Defendants were responsible for inspecting the building's electrical installations for any defects.

36. Defendants were responsible for ensuring that the building's electrical wiring system complied with existing building codes.

37. Defendants were negligent for their failure to properly safeguard the premises.

38. Defendants were negligent in their actions and omissions, which proximately caused [his] accident.

39. Defendants had inadequate and insufficient policies and procedures for worksite safety.

40. Defendants failed to anticipate the results of [his] accident, which could reasonably have been foreseen.

41. Defendants violated their own policies and procedures for worksite safety.

42. Defendants violated OSHA[3] rules and regulations for worksite safety.

43. Defendants created a dangerous condition.

44. Defendants had actual and constructive notice of the dangerous condition.

45. Defendants were negligent in permitting a dangerous condition to exist.

46. Defendants were negligent in the ownership, operation, maintenance, upkeep, monitoring, supervision and management of the property and construction site, and the

---

[3] Occupational Safety and Health Administration.

contractors/subcontractors/employees working on the property.

47. Defendants were negligent in the hiring, employment, and/or continued employment of its employees/ contractors.

. . . .

69. [His] injuries were caused solely and wholly by the negligence of each Defendant, singly, in combination, jointly, and severally, with no contributing negligence on the part of [him].

70. As a result of the negligence of the Defendants, singly, in combination, jointly, and severally, [he] has been damaged in an amount that exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction herein, and demands damages, compensatory damages, pre-judgement interest, costs and disbursements in this action.

Following SIR's request for defense coverage, Hartford denied coverage, asserting it had no duty to defend based on its Employer's liability EII exclusion. The company stated:

Based upon the allegations and the information known, we must decline coverage under the policy. The policy applies only to the employer for claims for bodily injury by accident, which arise out of and in the course of an injured employee's employment that are not obligations imposed by workers' compensation and are not subject to other exclusions. The plaintiff claims he was an employee of SIR and that SIR intentionally or with substantial certainty exposed plaintiff to the risk of death or serious injury. Plaintiff's allegations are not

covered by the policy by virtue of the New Jersey Part Two Endorsement . . . .

In response, SIR filed a third-party complaint against Hartford, claiming the carrier had a duty to defend it against Rodriguez's negligence-based claims. SIR asserted:

> 11. Although the complaint in this matter includes allegations of intentional wrongdoing by SIR, . . . allegations that SIR denies and that the evidence refutes – it also includes allegations of non-intentional wrongdoing by SIR, including allegations that SIR acted with gross negligence and simple negligence.
>
> 12. Allegations of gross negligence and simple negligence fall squarely within the grant of coverage found in the Hartford Policy, and trigger Hartford's duty to defend SIR.

In lieu of an answer, Hartford filed a Rule 4:6-2(e) motion to dismiss to dismiss the complaint with prejudice. SIR responded with a cross-motion for summary judgement that Hartford had to assume its defense without further delay.

Judge Lindemann granted Hartford's motion and denied relief to SIR. In a cogent written statement of reasons analyzing the law governing the narrow intentional-wrong exception to the exclusive remedy provided by the Compensation Act, the judge ruled there was "no claim where if [Rodriguez's] allegations were sustained, [Hartford] would be required to pay the judgment."

11

SIR filed a motion for reconsideration and for leave to amend its third-party complaint. SIR contended the judge misapplied the law, in particular Laidlow, and erred in not finding the Employer's Liability EII exclusion is void against public policy. SIR also sought leave to amend its third-party complaint or for the judge to certify its order as final for purposes of appellate review. The judge granted SIR's request to "adjust[] its findings to the applicable standard under [Laidlow]" but denied its motion to amend as moot because its complaint was dismissed with prejudice. In particular, the judge denied SIR's request to amend its complaint to add "COUNT FIVE – LEGAL INVALIDITY OF ENHANCED EXCLUSION" on the basis that its complaint was dismissed with prejudice and the "[Employer's Liability EII exclusion] is precisely the express exclusion of coverage which was described in Delta Plastics"[4] and approved by the Commissioner of Banking and Insurance. The judge also rejected SIR's argument that enforcement of the Employer's Liability EII exclusion was contrary to public policy. Finally, the judge refused to certify his order as a final judgment dismissing the third-party complaint, finding the order "d[id] not fall

---

[4] N.J. Mfrs. Ins. Co. v. Delta Plastics Corp., 188 N.J. 582, aff'd, 188 N.J. 582 (2006).

within the limited situations where certification is appropriate as describe[d] in [Rule] 4:42-2."[5]

II.

A.

We granted SIR leave to appeal the orders dismissing its third-party complaint and providing that Hartford was not obligated under the policy to defend SIR against Rodriguez's personal injury claims. Citing case law interpreting insurance policies, SIR argues Hartford had a duty to defend it against Rodriguez's lawsuit even though Rodriguez received workers' compensation benefits and Hartford did not have to indemnify SIR for his claim. SIR contends the judge misinterpreted the Employer's Liability EII exclusion exception by erroneously finding the exclusion applies only to intentional wrongs and not to all non-intentional torts like negligence and gross negligence. SIR further argues the exclusion does not "precisely" conform to the ruling in Delta Plastics, which allows an insurer to exclude coverage from Rodriguez's tort claims.

---

[5] Because we granted SIR leave to appeal, the denial of its motion to certify the order dismissing its third-party complaint and denying its cross-motion for summary judgment as final is not an issue before us.

13

SIR contends we should follow the reasoning set forth in our non-precedential opinion Rodriguez-Ortiz v. Interstate Racking & Shelving, II, Inc., No. A-1614-19, (App. Div. Sept. 3, 2021), certif. denied, 249 N.J. 90 (2021). SIR cites the opinion's recognition that "if an employee brings a negligence-based claim in Superior Court — whether it is instead of, or in addition to, filing a petition in the Workers' Compensation Division — the workers' compensation policy covers the cost of defending and, presumably, securing the lawsuit's dismissal and transfer to the Workers' Compensation Division." Rodriguez-Ortiz, slip op. at 16.

Finally, SIR argues the judge erred in refusing to allow it to file an amended complaint challenging the legality of the Employer's Liability EII exclusion exception, thereby preventing it from resolving whether the exception violates public policy.

B.

With respect to this appeal, the principles governing a motion to dismiss for failure to state a claim and a motion for summary judgment align. Our review of the judge's orders is de novo. See Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021); Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Because the facts are not in dispute, we must determine, as a matter of law, whether the insurance policy obligates Hartford to defend SIR regarding Rodriguez's tort

14

claims. See Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) ("A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987))); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (considering a summary judgment motion requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law'" (quoting R. 4:46-2(c))). In our review, we do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018).

Hartford's duty to defend SIR against Rodriguez's claims is purely a legal question governed by the terms of its policy subject to de novo review. See Abboud v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 450 N.J. Super. 400, 406 (App. Div. 2017) (Interpreting an insurance policy is a legal question that we review de novo (citing Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 210 N.J. 597, 605 (2012))); Danek v. Hommer, 28 N.J. Super. 68, 77 (App. Div. 1953) ("the duty to defend comes

into being when the complaint states a claim constituting a risk insured against"), aff'd o.b., 15 N.J. 573 (1954).

Under the policy's terms, Rodriguez received workers' compensation benefits. See N.J.S.A. 34:15-9. In return for the certainty of compensation within the Workers' Compensation system for workplace injury "without regard to the negligence of the employer," N.J.S.A. 34:15-7, the Compensation Act provides that an injured employee may not sue his or her employer when the employer's negligence is responsible for the injury. See N.J.S.A. 34:15-8 (stating "[s]uch agreement shall be a surrender . . . of . . . rights to any other method, form or amount of compensation or determination thereof than as provided in this article"). "N.J.S.A. 34:15-8 directs that an employer may not be sued by an employee . . . for negligence that caused injury or death to the employee." Est. of D'Avila v. Hugo Neu Schnitzer E., 442 N.J. Super. 80, 99 (App. Div. 2015). Therefore, "workers' compensation is the exclusive remedy, absent proof of an intentional wrong." Ibid. Thus, Rodriguez's tort claims were, in the words of Exclusion C4, "obligation[s] imposed by a workers compensation . . . law."

There is, however, an exception to the Compensation Act's exclusivity, as set forth in N.J.S.A. 34:15-8, for an injury caused by an employer's intentional wrong. Van Dunk v. Reckson Assocs. Realty Corp., 210 N.J. 449, 459

16

(2012).  The test for determining an intentional wrong under the Compensation Act has evolved as articulated by our Supreme Court.  See, e.g., id. at 469-70; Laidlow, 170 N.J. at 611-18; Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 177-79 (1985).

In Millison, the Court recognized "if 'intentional wrong' is interpreted too broadly, this single exception would swallow up the entire 'exclusivity' provision of the [Compensation] Act."  101 N.J. at 177.  Hence, the Court applied an "intent" analysis to determine what constitutes an "intentional wrong" within the meaning of the Compensation Act.  Ibid.  The Court explained:

> [T]he mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong.
>
> [Ibid. (quoting W. Prosser & W. Keeton, The Law of Torts § 8, at 36 (5th ed. 1984)).]

In Laidlow, the Court refined the concept, reasoning "an intentional wrong is not limited to actions taken with a subjective desire to harm, but also includes instances where an employer knows that the consequences of those acts are substantially certain to result in such harm."  170 N.J. at 613 (citing The Law of Torts § 8, at 596).  The Court reasoned:

17

> [I]n order for an employer's act to lose the cloak of immunity of N.J.S.A. 34:15-8, two conditions must be satisfied: (1) the employer must know that [its] actions are substantially certain to result in injury or death to the employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the . . . Compensation Act to immunize.
>
> [Id. at 617.]

Consequently, an employee seeking to prove an employer committed an intentional wrong must demonstrate either (1) that the employer had a subjective desire to injure, or (2) that "based on all the facts and circumstances of the case . . . the employer knew an injury was substantially certain to result." Id. at 614.

Substantial certainty is an extraordinarily high bar. In Van Dunk, the Court concluded "probability, or knowledge that such injury or death 'could' result, is insufficient." 210 N.J. at 470. Moreover, "[e]ven an injury 'caused by either gross negligence or an abysmal lack of concern for the safety of employees' is insufficient to satisfy the 'intentional wrong' exception." Kaczorowska v. Nat'l Envelope Corp., 342 N.J. Super. 580, 587 (App. Div. 2001) (quoting Marinelli v. Mitts & Merrill, 303 N.J. Super. 61, 72 (App. Div. 1997)).

C.

Judge Lindemann correctly analyzed the well-established law governing the intentional-wrong exception to the Compensation Act's exclusive remedy and applied it to the Hartford policy. As the parties contended, the judge compared the policy with Rodriguez's allegations. See Abouzaid v. Mansard Gardens Assocs., 207 N.J. 67, 79-80 (2011) (quoting Danek, 28 N.J. Super. at 77) ("The complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment, and in reaching a conclusion, doubts resolved in the insured's favor."). The judge reasoned:

> [H]ere, there is no claim where if the [third-party] complaint's allegations were sustained, an insurer would be required to pay the judgment. The [c]omplaint explicitly references Laidlow, and in seven different paragraphs unequivocally pleads a cause of action for intentional tort barred by coverage. Accordingly, the complaint states no basis for relief, and likewise, completion of discovery would not provide a basis for relief. Thus, dismissal of SIR's [t]hird-[p]arty [c]omplaint is appropriate.
>
> [Camden Cnty. Energy Recovery Assocs., L.P. v. N.J. Dep't Env't Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd, 170 N.J. 246 (2001).]

Acknowledging both parties relied upon the unpublished Rodriguez-Ortiz opinion which is non-precedential per Rule 1:36, the judge determined its reasoning did not support SIR's cross-motion for summary judgment seeking

19

Hartford's duty to defend because Rodriguez's claim "is one of gross negligence, asserting a claim to go above the workers['] comp[ensation] claim, pursuant to [Laidlow]." The judge's categorization of Rodriguez's claims as Laidlow claims correctly determined there are no "alternative causes of actions" entitling SIR to defense or indemnification of the Laidlow claims under Hartford's worker's compensation policy. See Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 164, 174 (1992) ("When multiple alternative causes of action are stated, the duty to defend will continue until every covered claim is eliminated.").

In addressing SIR's cross-motion for summary judgment, Judge Lindemann rejected its reliance on Charles Beseler Co. v. O'Gorman & Young, Inc. (Beseler I), 380 N.J. Super. 193 (App. Div. 2005), aff'd, Charles Beseler Co. v. O'Gorman & Young, Inc. (Beseler II), 188 N.J. 542 (2006), and Delta Plastics. The judge found these cases determined that insurance policy provisions excluding coverage for intentional tort claims were unenforceable; thus, the insureds were covered under the policies.

In Delta Plastics, Judge Lindemann noted, this court concluded the policy's exclusion provision was ambiguous and unenforceable because it failed to "exclude[] coverage for 'all intentional wrongs allowed by N.J.S.A. [34:15-8].'" 380 N.J. Super. at 542. In contrast, the judge determined that Hartford's exclusion provision was unambiguous, stating "this insurance does not cover

any and all intentional wrongs within the exception allowed by N.J.S.A. 34:15-8" (emphasis omitted) (citation omitted); thus, Hartford's policy excluded coverage for Rodriguez's claims.

As for Beseler II, Judge Lindemann noted unlike the present policy "the policy [there], which excluded insurance coverage for bodily injuries 'intentionally caused or aggravated by the employer' was ambiguous.'" The Court, affirming our decision in Beseler I, held "due to its lack of express language excluding conduct substantially certain to result in injury, we find [the policy's] exclusion to be ambiguous and construe it, as we must, in favor of the insured." 188 N.J. at 547-48.

In a footnote, the judge further recognized that the Employer's Liability EII exclusion received regulatory approval by citing George J. Kenny & Frank A. Lattal, New Jersey Insurance Law, § 19-4:2, at 676 n.20 (2022.) which stated:

> As a result of the Supreme Court['s] decision[s] in . . . Beseler [II] and Delta Plastics, to restore the original intent of the policy exclusion for intentional injury, insurers must explicitly state in their policies that the policy does not cover intentional wrongs of the employer but also acts or omissions that are substantially certain to cause injury. The Commissioner of Banking and Insurance has approved policy language achieving that result.

In sum, the judge properly found Hartford's Employer's Liability EII exclusion was distinguishable from the exclusionary language in Delta Plastics

21

and <u>Beseler II</u> because the present policy expressly provided "no insurance coverage for any and all intentional wrongs within the exception allowed under the [Compensation Act]" and, as such, was unambiguous. (Emphasis omitted).

III.

Turning to SIR's reconsideration motion, Judge Lindemann granted it to the extent that he "adjust[ed] his findings as to the applicable standard under [<u>Laidlow</u>]," yet his initial order did not change. In his written statement of reasons, the judge correctly explained that Rodriguez pled a <u>Laidlow</u> claim to escape the bar of the Compensation Act, but that Hartford is not obligated to defend SIR from the claim because the Employer's Liability EII exclusion expressly precludes coverage. The judge—again noting SIR's reliance on the non-precedential <u>Rodriguez-Ortiz</u> opinion—maintained that SIR failed to cite binding caselaw that demonstrates the exclusion provision "does not relieve Hartford of a duty to defend" SIR. We agree. Rodriguez's claims against SIR are <u>Laidlow</u> claims which Hartford has no duty to defend.

In addition, we discern no reason to upset the judge's refusal to consider SIR's contention that the Employer's Liability EII exclusion is unenforceable as violative of public policy because this argument was not properly raised in SIR's cross-motion for summary judgment. Yet, even considering the argument, it has no merit.

As noted, the Court addressed insurance policy provisions excluding employers' liability coverage for intentional tort claims in Beseler II and Delta Plastics.  In a two-page per curiam opinion affirming our Delta Plastics ruling "for the reasons set forth in . . . Beseler [II]," the Court held that the EII exclusion only applied to bar coverage for intentional injury as commonly understood, not coverage for allegations of conduct "substantially certain" to cause injury.  Delta Plastics, 188 N.J. at 582.

Hartford's Employer's Liability EII exclusion provision mirrors the advice the Court pronounced in those decisions, by stating: "this insurance does not cover any and all intentional wrongs within the exception allowed by N.J.S.A. 34:15-8 including but not limited to, bodily injury caused or aggravated by an intentional wrong committed by you or your employees, or bodily injury resulting from an act or omission by you or your employees, which is substantially certain to result in injury."  (Emphasis added).  SIR's assertion that the average policyholder or layman could not possibly keep up with the intended meaning of the phrase "allowed by N.J.S.A. 34:15-8" is misguided.  Not only is the language clear, considering the Department of Banking and Insurance approved the language, we can only surmise that the exclusion conforms with public policy.  See Gov't Emps.' Ins. Co. v. Daniels, 180 N.J. Super. 227, 232 (App. Div. 1981) ("We perceive that the public policy of this State is satisfied

by the coverage provision of the insurance contract approved by the Commissioner [of Banking and Insurance] which is as broad as the registration requirements in Title 39 for automobiles and motorcycles."). SIR provides no indication to the contrary.

IV.

Finally, we address SIR's contention that the motion judge erred in denying its request to file an amended complaint. Citing Robey v. SPARC Group, 474 N.J. Super. 593, 599 (App. Div. 2023), SIR asserts its amended complaint contending the Employer's Liability EII exclusion violates public policy should have been permitted because it raises an unsettled novel legal question. SIR claims permitting the amendment allows the issue to "be addressed on a fully developed record," as recognized by this court in Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2002). Thus, it would not be futile to allow the amendment, as the judge incorrectly found.

Rule 4:9-1 provides trial judges with discretion when ruling on motions for leave to file amended pleadings, Kernan v. One Washington Park Urban Renewal Associates, 154 N.J. 437, 457 (1998), specifically declaring that leave to file an amended pleading "shall be freely given in the interest of justice," R. 4:9-1. Despite the liberality of this standard, courts have recognized that judges may deny leave when the granting of relief would be "futile," such as when the

24

new claim lacks merit and would ultimately be dismissed for failure to state a claim upon which relief may be granted, Notte v. Merchant Mutual Insurance Co., 185 N.J. 490, 501 (2006), or if the new claim, even possessing marginal merit, would unduly protract the litigation or cause undue prejudice, Building Materials Corp. of America v. Allstate Insurance Co., 424 N.J. Super. 448, 484-85 (App. Div. 2012).

Judge Lindemann did not abuse his discretion in denying SIR's motion for leave to amend its complaint to contend the Employer's Liability EII exclusion was contrary to public policy. See Kernan, 154 N.J. at 457. Although leave to file an amended pleading "shall be freely given in the interest of justice," R. 4:9-1, denial was appropriate here because the amendment lacked merit and would ultimately be dismissed for failure to state a claim upon which relief may be granted. See Notte, 185 N.J. at 501.

The legality of the Employer's Liability EII exclusion is not a novel legal question as SIR contends. As we mentioned, the exclusion language was in conformity with the Supreme Court's directives in Beseler II and Delta Plastics, where it struck down intentional tort claim exclusionary provisions it concluded were ambiguous. Hence, SIR's motion to amend its complaint was futile because it would have been dismissed for failure to state a claim.

To the extent that we have not addressed any of SIR's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION