**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3223-24

BRENDA DE OLIVEIRA,

    Plaintiff-Appellant,

v.

SUMMIT HEALTH,

    Defendant-Respondent,

and

V.P. and MARY KAY
O'CONNOR,

    Defendants.

_____

        Submitted April 21, 2026 – Decided June 24, 2026

        Before Judges Gilson and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1844-22.

        Maxwell, Tassini, & Gardner, LLC, attorneys for appellant (David Gardner, on the brief).

Jackson Lewis PC, attorneys for respondent (Carla D. Macaluso and Stephanie E. Marshall, on the brief).

PER CURIAM

Plaintiff Brenda De Oliveira appeals from an April 2, 2025 order dismissing with prejudice her complaint alleging that her former employer, defendant Summit Health Management, LLC (Summit Health), violated the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, by subjecting her to a hostile work environment and retaliation. Plaintiff's hostile work environment claim is barred by the applicable two-year statute of limitations, and she failed to state a retaliation claim against Summit Health. Accordingly, we affirm.

I.

We summarize the relevant facts from plaintiff's second amended complaint, giving plaintiff "the benefit of 'every reasonable inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 178 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). We note, however, that this matter had been pending for over three years and when the trial court made its ruling it pointed out the parties had failed to engage in substantive discovery and the discovery period had ended.

Plaintiff worked for Summit Health from 2003 until January 2022. In 2018, she began working as a lab assistant at the Summit Health's Berkeley Heights laboratory. Her supervisor at the laboratory was V.P., and the laboratory director was Mary Kay O'Connor. V.P. is disabled and uses a wheelchair.[1]

As part of her duties at the Berkeley Heights laboratory, plaintiff was assigned to assist V.P. whenever she needed to go to the bathroom. She asserted that she was directed to escort V.P. "to the bathroom, remov[e] [V.P.'s] clothing and underwear, lift[] her from her wheelchair to get her onto the toilet, redress[] [V.P.,] lift[] her off of the toilet to get her back into her wheelchair[,] and help [V.P.] position herself to leave the bathroom." Plaintiff also alleged that it took "roughly twenty (20) minutes" each time V.P. went to the bathroom, and she assisted V.P. one to three times each workday for nearly two years.

In March 2020, plaintiff complained to the human resources office of Summit Health concerning her bathroom assistant duties. Plaintiff alleges that she verbally told a person in the human resources office that her bathroom duties

---

[1] Because we discuss V.P.'s disabilities, we use initials to protect her privacy interests.

were "causing her extreme physical discomfort."[2]  "Immediately" after plaintiff complained to human resources, plaintiff was informed she no longer needed to assist V.P. in going to the bathroom.

Plaintiff contends that "[s]hortly after her complaint," V.P. and O'Connor intimidated lab employees to learn who had made the report to human resources. She asserts that when V.P. and O'Connor learned it was plaintiff who complained, they retaliated against her by increasing her workload. Additionally, plaintiff alleges that the increased workload "exacerbated" a pre-existing health condition, which required her to obtain medical treatment and led to her becoming "permanently disabled in August of 2020."  After becoming permanently disabled, plaintiff was unable to return to work.  Effective January 20, 2022, plaintiff's employment at Summit Health was terminated.

On June 24, 2022, plaintiff sued Summit Health, V.P., and O'Connor.  In her initial complaint, plaintiff asserted four counts alleging violations of the LAD.  In count one, she alleged that V.P. had violated the LAD by assigning

---

[2]  While this appeal was pending, we directed the parties to submit any written report made by plaintiff to the human resources office.  Plaintiff's counsel confirmed the report was made verbally and counsel also confirmed that no discovery had been conducted concerning what the human resources office did in response to plaintiff's complaint.  Plaintiff's counsel suggested that plaintiff should now be allowed to conduct discovery on how the human resources office responded.

A-3223-24

her to assist V.P. when she went to the bathroom, which plaintiff contended was gender discrimination and caused a hostile work environment. In her second count, she alleged that O'Connor had violated the LAD by assisting V.P. in discriminating against plaintiff and subjecting her to a hostile work environment. In the third count, plaintiff asserted O'Connor and V.P. violated the LAD by retaliating against her after she complained of her bathroom duties. In the fourth count, plaintiff asserted that Summit Health was "vicariously" liable for the actions of V.P. and O'Connor who were her "supervisors."

Plaintiff thereafter amended her complaint in December 2022. Almost a year and a half later, on April 30, 2024, plaintiff filed a second amended complaint, which was the complaint addressed by the trial court on the motion to dismiss. In her second amended complaint, plaintiff asserted three causes of action: (1) a hostile work environment claim against Summit Health (count one); (2) a retaliation claim against O'Connor and V.P. (count two); and (3) a claim that O'Connor aided and abetted V.P.'s discriminatory conduct (count three).

V.P. moved to dismiss the claims against her, arguing plaintiff failed to comply with a prior court order and failed to state a claim for relief against her. On May 10, 2024, the court granted that motion and dismissed the claims against V.P. with prejudice. Plaintiff is not appealing from that order.

A-3223-24

Discovery in the case closed in February 2025. Thereafter, Summit Health and O'Connor moved to dismiss plaintiff's second amended complaint under Rule 4:6-2(e) for failure to state a claim. On April 2, 2025, after hearing argument, the trial court issued a comprehensive written decision and order dismissing plaintiff's second amended complaint with prejudice as to Summit Health and O'Connor. Plaintiff is not challenging the dismissal of her claims against O'Connor.

Addressing Summit Health's motion, the trial court initially noted that Summit Health had previously moved to dismiss the initial complaint, and the court had denied that motion and allowed plaintiff to amend her complaint. The trial court then determined plaintiff's hostile work environment claim against Summit Health was time-barred. The court pointed out that the LAD claims are governed by a two-year statute of limitations. In her second amended complaint, plaintiff asserted that the hostile work environment was based on her having to perform bathroom assist duties for Pilhcik. Plaintiff admitted that those duties ended in March 2020, "[i]mmediately" after she complained about those duties. Because plaintiff's first complaint was filed on June 24, 2022, the court dismissed the hostile work environment claim as time-barred.

A-3223-24

The trial court also rejected plaintiff's arguments that the hostile work environment was part of a continuing pattern of discrimination related to her retaliation claims. The court reasoned that the hostile work environment claim was distinct and separate from the retaliation claims. Therefore, they were not continuous claims under the LAD.

Next, the court analyzed plaintiff's retaliation claim. First, the court noted that despite amending her complaint twice, plaintiff had not named Summit Health in her retaliation claim in the second amended complaint. Nevertheless, the court gave plaintiff every reasonable inference and went on to analyze the retaliation claim on its substantive merits. The court determined plaintiff had made no showing that Summit Health was aware of the alleged retaliation by V.P. and O'Connor. Moreover, the court pointed out that plaintiff had not articulated her complaint as one based on gender discrimination until she filed her complaint in June 2022.

Plaintiff moved for reconsideration. The court heard further argument, and, on May 23, 2025, the court entered an order and issued a written opinion denying reconsideration. In denying reconsideration, the trial court also held there was no basis for allowing plaintiff to try to amend her complaint for a third time. In that regard, the court pointed out that plaintiff had opposed a previous

7

motion to dismiss, and then amended her complaint a second time, but still had not directly named Summit Health in the retaliation claim. The court also pointed out that plaintiff had not asserted any allegations in her second amended complaint to support a retaliation claim against Summit Health.

Plaintiff now appeals from the April 2, 2025 and May 25, 2025 orders, challenging only the dismissal of her claims against Summit Health.

II.

Appellate courts use a de novo standard when reviewing an order dismissing a complaint for failure to state a claim upon which relief can be granted. Baskin, 246 N.J. at 171. When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable factual inferences. Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002). Legal sufficiency "requires allegation of all the facts that the cause of action requires." Cornett v. Johnson & Johnson, 414 N.J. Super. 365, 385 (App. Div. 2010), aff'd as modified, 211 N.J. 362 (2012). Accordingly, courts should search the complaint "thoroughly 'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Baskin, 246 N.J. at 171 (quoting Printing Mart-

Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).  "Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate."  J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div. 2010) (quoting County of Warren v. State, 409 N.J. Super. 495, 503 (App. Div. 2009)).

III.

On appeal, plaintiff raises a series of related arguments, essentially presenting four contentions:  (1) she alleged sufficient facts to demonstrate the hostile work environment continued with and through the retaliation and none of her claims against Summit Health were time-barred; (2) she adequately pled retaliation under the LAD against Summit Health; (3) she should have been allowed to amend her complaint a third time; and (4) she should have been granted reconsideration and the April 2, 2025 order as it relates to Summit Health should have been vacated.  The record and law do not support these arguments.

A.    The Hostile Work Environment Claim.

In her second amended complaint, plaintiff asserts that she was subject to a hostile work environment because she was a woman.  Specifically, she alleges

that she was singled out as a woman and assigned to assist V.P. go to the bathroom.

The LAD prohibits unlawful employment practices and discrimination in the form of harassment "based on race, religion, sex, or other protected status, that creates a hostile work environment." Cutler v. Dorn, 196 N.J. 419, 430 (2008); N.J.S.A. 10:5-12(a).  To state a hostile work environment claim under the LAD, plaintiff must show "the complained-of conduct (1) would not have occurred but for the employee's protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the work environment is hostile or abusive." Shepherd v. Hunterdon Dev. Ctr., 174 N.J. 1, 24 (2002) (citing Lehmann v. Toys R Us, Inc., 132 N.J. 587, 603-04 (1993)).  In assessing a LAD claim, a court should consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Green v. Jersey City Bd. of Educ., 177 N.J. 434, 447 (2003) (quoting Shepherd, 132 N.J. at 19-20).

A-3223-24

The LAD has a two-year statute of limitations. <u>Montells v. Haynes</u>, 133 N.J. 282, 292 (1993). Accordingly, for "discrete retaliatory or discriminatory act[s]," the action accrues on the day the acts happen. <u>Shepherd</u>, 174 N.J. at 19 (adopting and applying the reasoning in <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 120 (2002) regarding Title VII to claims under the LAD).

Plaintiff's allegations are clear that the hostile work environment was based on her duties to assist V.P. in going to the bathroom. She admitted that those duties ended in March 2020, "[i]mmediately" after she complained about those duties to the human resources department. Her first complaint, however, was not filed until more than two years later on June 24, 2022. Accordingly, the trial court correctly dismissed the hostile work environment claim against Summit Health based on the statute of limitations.

Plaintiff argues the limitation period had not expired because she was subjected to ongoing discriminatory conduct beyond March 2020, when V.P. and O'Connor retaliated against her. In that regard, her second amended complaint asserts that the retaliatory conduct continued up to August of 2020.

There is an equitable exception to the two-year LAD statute of limitations for "continual, cumulative pattern[s]" of discrimination. <u>Roa v. Roa</u>, 200 N.J. 555, 566 (2010). Consequently, when the discrimination continues over a period

11

of time, the LAD violation may be deemed timely if it is part of a continuing violation.  Ibid.  Continuing violations are "a series of separate acts that collectively constitute one 'unlawful employment practice.'"  Id. at 567 (quoting Morgan, 536 U.S. at 117).  When the violations continue, the LAD cause of action accrues on the date of the last discriminatory act.  Ibid. (quoting Morgan, 536 U.S. at 117).

Plaintiff's hostile work environment claims are distinct and separate from her claims of retaliation.  Even reading plaintiff's complaint in the most generous light, she clearly alleges that the hostile work environment was based on her duties to assist V.P. in going to the bathroom.  The retaliation claims are separate because they are actions that plaintiff alleged occurred after her bathroom duties ended and after she complained of those duties.  Accordingly, plaintiff was not entitled to toll the statute of limitations under the continuing violation doctrine.

B.    The Retaliation Claim.

To prove a claim of retaliation, a plaintiff must establish:  (1) she engaged in a protected activity known to the employer, such as making a good faith complaint of unlawful discrimination; (2) an adverse employment action; and (3) causation.  Battaglia v. United Parcel Serv., Inc., 214 N.J. 518, 547 (2013); Carmona v. Resorts Int'l Hotel, Inc., 189 N.J. 354, 372-73 (2007).  The key

element of a retaliatory claim under the LAD is that the plaintiff has "engaged in a protected activity, which is known by the alleged retaliator." Cohen v. B.H. Media Group, Inc., 419 F. Supp. 3d 831, 861 (D.N.J. 2019) (quoting Erickson v. Marsh & McLennan Co., 117 N.J. 539, 560 (1990)).

"[A] person engages in protected activity under the LAD when that person opposes any practice rendered unlawful under the LAD." Young v. Hobert W. Grp., 385 N.J. Super. 448, 466 (App. Div. 2005). To be considered protected activity, an employee's complaint "must concern discrimination" and must be more than a general complaint of unfair treatment. Dunkley v. S. Coraluzzo Petroleum Transporters, 437 N.J. Super. 366, 377 (App. Div. 2014), aff'd, 221 N.J. 217 (2015).

Read in the light most generous to plaintiff, her second amended complaint does not demonstrate that she complained of a protected activity. Plaintiff candidly acknowledges that she complained of her duties in assisting V.P. to go to the bathroom. She also candidly acknowledges that when she made her complaint to Summit Health, she did not claim that it was based on gender discrimination. Instead, she complained that the duty caused her "extreme physical discomfort." Indeed, assisting a handicapped person to go to the bathroom is not an overtly discriminatory practice; many objectively reasonable

people could view that duty as acts of kindness. Moreover, the duties would have to be handled by a person of the same gender as V.P. Significantly, plaintiff did not expressly claim the bathroom duty was gender discrimination. Consequently, following the close of discovery in this matter, plaintiff has no evidence to demonstrate that she claimed that she was subject to gender discrimination and that she made that claim known to Summit Health.

In addition, plaintiff does not allege that she complained to Summit Health concerning the retaliation she alleges V.P. and O'Connor engaged in after her bathroom duties ended. Consequentially, plaintiff did not sufficiently plead facts supporting a vicarious liability claim against Summit Health based on the alleged retaliatory acts committed by V.P. and O'Connor.

The trial court also dismissed plaintiff's retaliation claim based on the statute of limitations. The court pointed out that plaintiff had twice amended her complaint and in her second amended complaint specifically chose to assert the retaliation claim only against V.P. and O'Connor. Moreover, the alleged retaliation ended in August 2020, when she went on medical leave. Because discovery had closed, and because she filed her second amended complaint in April 2024, we agree the statute of limitations was an alternative ground for dismissing the claim of retaliation against Summit Health.

A-3223-24

C.    The Request to Amend the Complaint a Third Time.

The decision of whether to grant leave to amend a complaint is left to "the trial 'court's sound discretion,'" and a trial court's decision will only be disturbed on a showing of abuse of that discretion.  C.V. by C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 306 (2023) (quoting Kernan v. One Washington Park Urb. Renewal Assocs., 154 N.J. 437, 456-57 (1998)).  An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Normally, a motion to dismiss is granted without prejudice to a plaintiff's right to amend the complaint.  Smith v. SBC Commc'ns Inc., 178 N.J. 265, 282 (2004); Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).  Given the proceedings in this matter, however, we discern no abuse of discretion in the trial court's decision to deny plaintiff's request to amend the complaint a third time.  Plaintiff filed her action in June 2022.  The trial court pointed out that discovery had closed by the time it made its decision on Summit Health's second motion to dismiss the second amended complaint for failure to state a cause of action against Summit Health.  The trial court also pointed out that plaintiff had

failed to take any substantive discovery, and her complaint had previously been dismissed for failure to prosecute the matter. Given that procedural history, the trial court did not abuse its discretion by denying plaintiff permission to file yet another amended complaint.

D.    The Motion for Reconsideration.

Having determined that the trial court correctly dismissed all claims against Summit Health, there is no basis to reverse the trial court's order denying reconsideration. In short, plaintiff has not shown that the trial court made a decision that was palpably incorrect or failed to consider relevant facts. See Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)) (explaining the trial court will only grant reconsideration when its decision rested on a "palpably incorrect or irrational basis" or "failed to consider probative, competent evidence").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16                                          A-3223-24